[No. B134960. Second Dist., Div. One. Dec. 22, 1999.]

KEVIN A. PAREDES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent,
THE PEOPLE, Real Party in Interest.

COUNSEL

James H. Barnes for Petitioner.

Lloyd W. Pellman, County Counsel, and Gordon W. Trask, Principal Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

**VOGEL (Miriam A.), J.**—In a criminal case, one of two defendants timely moved to disqualify the trial judge and the cause was reassigned. (Code Civ. Proc., § 170.6.) When the last day on which the case could be tried arrived and the prosecutor was unable to proceed, the case was dismissed (Pen. Code, §§ 1382, 1387), then refiled (Pen. Code, § 1387) and assigned to the same judge to whom it had been previously reassigned. The other defendant then moved to disqualify the judge, who denied the motion on the ground that the refiled action is a "continuation" of the dismissed action. We conclude otherwise.

## FACTS

In July 1998, a complaint was filed charging Anthony M. Halas with murder.[1] Halas was held to answer, an information was filed (No. PA030591), and the case was assigned to the Honorable Ronald S. Coen. Halas pled not guilty. On October 8, Halas moved to disqualify Judge Coen (Code Civ. Proc., § 170.6)[2] and the case was reassigned to the Honorable L. Jeffrey Wiatt. On October 9, a complaint was filed charging Kevin A. Paredes with the same murder charged against Halas. Paredes was held to answer, an information was filed (No. PA031243), and the case was assigned to Judge Wiatt. Paredes pled not guilty. Over Paredes's objection, Judge Wiatt joined the cases against Paredes and Halas.

On June 28, 1999, both defendants announced ready but the prosecutor was unable to proceed. Paredes and Halas moved for dismissal (Pen. Code, §§ 1382, 1387) and their motions were granted. Later the same day, a complaint was filed (No. PA033609) alleging the same murder against Paredes and Halas, with an added special circumstance allegation (drive-by shooting). (Pen. Code, § 190.2, subd. (a)(21).) A preliminary hearing was held, at the conclusion of which the magistrate dismissed the special circumstance allegation but held Paredes and Halas to answer on the murder count.

On July 29, an information was filed charging Paredes and Halas with the murder and the ancillary drive-by special-circumstance allegation. Without objection from either defendant, the case was assigned to Judge Coen. After Paredes and Halas pled not guilty, Judge Coen transferred the case to Judge Wiatt for trial. Paredes then filed a motion to disqualify Judge Wiatt (§ 170.6), who struck the affidavit on the ground that the current case is a "continuation" of the previous case in which Halas had already filed a motion pursuant to section 170.6. In response to a petition filed by Paredes in which he asked us to issue a writ of mandate ordering Judge Wiatt to accept the affidavit as timely, we stayed trial, issued an order to show cause (to which the superior court has filed opposition, but not the People) and set the matter for hearing.

## DISCUSSION

Paredes contends the refiled case is not a continuation of the previously dismissed case. We agree.

[1]There were additional allegations but they are not relevant to the issue before us.

[2]Undesignated section references are to the Code of Civil Procedure. As will appear, section 170.6 speaks in terms of a "motion . . . supported by affidavit or declaration . . . ." (§ 170.6, subd. (2).) As will also appear, the cases sometimes refer to the procedure under section 170.6 as a "motion" but also refer to it sometimes as a "challenge" or simply as "filing an affidavit." Those terms are used interchangeably throughout this opinion.

## A. *The Dismissal Statutes*

As relevant, subdivision (a) of former section 1382 of the Penal Code provided that "[t]he court, unless good cause to the contrary is shown, shall *order the action to be dismissed* in the following cases: [¶] (1) When a person has been held to answer for a public offense and an information is not filed against that person within 15 days. [¶] (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment . . . ." (Italics added.)

As relevant, Penal Code section 1384 provides that "[i]f the judge ·. . . directs the action to be dismissed, the defendant must, if in custody, be discharged therefrom . . . ."

As relevant, Penal Code section 1387 provides: "(a) An order *terminating an action* pursuant to this chapter . . . is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter . . . except in those felony cases . . . where subsequent to the dismissal of the felony . . . the judge or magistrate finds [there exist certain specified conditions]." (Italics added.)

As relevant, Penal Code section 1387.2 provides that "[u]pon the express consent of both the people and the defendant, in lieu of issuing an order terminating an action the court may proceed on the existing accusatory pleading. For the purposes of Section 1387, the action shall be deemed as having been previously terminated. The defendant shall be rearraigned on the accusatory pleading and a new time period . . . shall commence."

■ Read together, these statutes mean that a felony case once dismissed for delay can be refiled, but (subject to certain exceptions) a felony case twice dismissed for delay cannot. In short, a third or subsequent prosecution is barred. (*Ramos v. Superior Court* (1982) 32 Cal.3d 26, 34 [184 Cal.Rptr. 622, 648 P.2d 589]; *Bodner v. Superior Court* (1996) 42 Cal.App.4th 1801, 1804-1805 [50 Cal.Rptr.2d 236]; 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, §§ 2561, 2563, pp. 3069-3070, 3072-3073.) When the first action is terminated under this procedure and the People file a new complaint, a second preliminary hearing must be held and the evidence subjected anew to a magistrate's evaluation. (*People v. Superior Court (Martinez)* (1993) 19 Cal.App.4th 738, 745 [23 Cal.Rptr.2d 733].) In lieu of a required dismissal and permitted refiling, the parties may agree to proceed on the existing accusatory pleading, with the action "deemed" to have been "previously terminated." (Pen. Code, § 1387.2.) These statutes exist to protect a defendant's right to a speedy trial and must be construed to serve that

overriding purpose. (*People v. Schlosser* (1978) 77 Cal.App.3d 1007, 1010-1011 [144 Cal.Rptr. 57].)

## B. *Section 170.6*

As relevant, section 170.6 provides: "(1) No judge . . . shall try any civil or criminal action . . . that involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge . . . is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action . . . . [¶] (2) Any party to or any attorney appearing in any such action . . . may establish this prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury . . . that the judge . . . before whom the action . . . is pending . . . is prejudiced against any such party or attorney . . . so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge . . . . In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided. [¶] A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. Notwithstanding paragraph (3) of this section, the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment.

"(3) If the motion is duly presented and the affidavit or declaration under penalty of perjury is duly filed . . . , thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge . . . to try the cause or hear the matter. . . . Except as provided in this section, *no party or attorney shall be permitted to make more than one such motion in any one action* . . . pursuant to this section; and in actions . . . where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action . . . , only one motion for each side may be made in any one action . . . . [¶] (4) Unless required for the convenience of the court or unless good cause is shown, a continuance of the trial or hearing shall not be granted by reason of the making of a motion under this section. . . ." (Italics added.)

## C. *The Cases*

For almost 50 years, there has existed the possibility (some might say probability) that the sequence of events in this case could occur.[3] For that reason, the mind boggles at the realization that, if it has happened, it has not become the subject of a published appellate decision. In the "close but no cigar" category,[4] we have found the following cases:

In *Jacobs v. Superior Court* (1959) 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9], a motion to disqualify a judge was filed just before a hearing on a motion to modify a custody judgment. The Supreme Court said the disqualification motion was not timely, explaining that, since the disqualification motion must be filed *before* trial has commenced, it necessarily "cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings." (*Id.* at p. 190.) "If a disqualification were permitted under section 170.6 in matters which are continuations of a prior proceeding, it would mean that the judge who tried the case, and who is ordinarily in the best position to pass upon the questions involved, could by a mere general allegation of prejudice, and without any judicial determination of the facts, be disqualified from hearing such matters as motions for modification of a support order or an injunction, as well as motions for change of custody of children. Such procedure would make it possible for litigants to gamble on obtaining a favorable decision from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues." (*Jacobs v. Superior Court, supra,* 53 Cal.2d at p. 191.)[5]

In *Spector v. Superior Court* (1961) 55 Cal.2d 839 [13 Cal.Rptr. 189, 361 P.2d 909], a director, acting for a corporation, sued four other directors for

---

[3]Penal Code section 1387 was enacted in 1872. (Historical Note, 51A West's Ann. Cal. Pen. Code (1982 ed.) foll. § 1387, p. 176.) Section 170.6 was enacted in 1957. (Stats. 1957, ch. 1055, § 1, p. 2288.)

[4]See Dictionary of American Slang (3d ed. 1995) page 98 ("close but no cigar . . . very nearly correct; not quite the thing . . . . [fr carnival feats where one gets a cigar as a prize]").

[5]See also *People v. Paramount Citrus Assn.* (1960) 177 Cal.App.2d 505, 512 [2 Cal.Rptr. 216] (a subsequent proceeding is a "continuation" of a former proceeding when the decision will be based on evidence taken in the former proceeding); *Dennis v. Overholtzer* (1960) 179 Cal.App.2d 110, 111 [3 Cal.Rptr. 458]; *Pappa v. Superior Court* (1960) 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311]; *Stafford v. Russell* (1962) 201 Cal.App.2d 719, 721 [20 Cal.Rptr. 112] (a hearing on an order to show cause re contempt arising out of the violation of a judgment is a continuation of the proceedings in which the judgment was entered); *Haldane v. Haldane* (1962) 210 Cal.App.2d 587, 596 [26 Cal.Rptr. 670] (a hearing on a motion for attorneys' fees held after entry of an interlocutory judgment "is so much a part of the whole controversy" that it is necessarily a continuation of the original proceedings); *People v. Rojas* (1963) 216 Cal.App.2d 819, 824 [31 Cal.Rptr. 417] (a hearing to modify or revoke probation is a continuation of the original guilt trial); *People v. Smith* (1961) 196 Cal.App.2d 854, 856 [17 Cal.Rptr. 330] (same); *Oak Grove School Dist. v. City Title Ins. Co.*

breach of trust. Later, the defendant directors initiated a separate proceeding to dissolve the corporation. At about the same time the dissolution action was filed, the defendant directors moved in the breach of trust action to dissolve an injunction that had been issued against them. Eventually, motions pending in both cases came on for hearing before the same judge, and a disqualification motion was filed at that time. Although the Supreme Court found the cases ought to be consolidated because they appeared to "present essentially the same, or overlapping, issues," the Court did not consider whether the second action was a continuation of the first but simply found the affidavit was timely because the judge had not earlier heard any motions in the second case. (*Id.* at pp. 842-844.)

In *Eagle Maintenance & Supply Co. v. Superior Court* (1961) 196 Cal.App.2d 692 [16 Cal.Rptr. 745], a case "went to trial as a default" and a decision in favor of the plaintiff was entered in the minutes. (*Id.* at p. 693.) Later, the defendant moved (before the same judge who had heard the default) for relief from default (§ 473) and the motion was granted. The defendant then filed a motion to disqualify the judge. (*Eagle Maintenance & Supply Co. v. Superior Court, supra,* 196 Cal.App.2d at p. 693.) The disqualification was timely. The trial of the cause after setting aside the default did not constitute a continuation of the original proceedings because "the ultimate purpose of relief under . . . section 473[] is to give the moving party a fair trial on the merits [and an order granting a motion for relief] leaves the matter in controversy open for future determination on the merits." (*Eagle Maintenance & Supply Co. v. Superior Court, supra,* 196 Cal.App.2d at p. 694.)

In *Thompson v. Superior Court* (1962) 206 Cal.App.2d 702 [23 Cal.Rptr. 841], a divorce action, an interlocutory decree was entered and custody orders were made by the Honorable Burnett Wolfson. Later, Commissioner John R. Alexander denied an application for modification of the custody

---

(1963) 217 Cal.App.2d 678, 699 [32 Cal.Rptr. 288] (a motion to tax costs made after a school district abandoned a lawsuit in which it had obtained a condemnation judgment was "a part and a continuation of the original eminent domain proceedings" because the party claiming costs had to show that the items claimed were for matters necessarily relevant and material to the issues involved in the original action); *McClenny v. Superior Court* (1964) 60 Cal.2d 677, 681 [36 Cal.Rptr. 459, 388 P.2d 691] (a post-judgment contempt proceeding in a domestic relations action is a continuation of the original action because it involves substantially the same issues as the original action and because the presentation in the supplementary proceeding of " 'matters necessarily relevant and material to the issues involved in the [original] action stamped the supplementary proceeding as a continuation of the original action' " (italics omitted)); *Yokley v. Superior Court* (1980) 108 Cal.App.3d 622, 626-628 [166 Cal.Rptr. 657] (same); *Conservatorship of Durham* (1988) 205 Cal.App.3d 548, 551 553 [252 Cal.Rptr. 414] (no disqualification at time of conservator's motion for attorneys' fees because court had already decided contested issues).

orders. Still later, when a new application for modification was scheduled to be heard by the Honorable Roger A. Pfaff (who had earlier presided over a few matters but who had not decided any disputed questions of fact or law), a disqualification motion was filed. It was timely. Although the modification proceedings were a continuation of the original trial, they were not before the judge who had tried the divorce case or the commissioner who had heard the prior application for modification. A disqualification motion is timely if made before a newly assigned judge who has not made any ruling on any litigated or contested matter in the case. (*Id.* at pp. 706-710.)

In *Andrews v. Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285 [48 Cal.Rptr. 646], the proceeding in which the disqualification motion was filed, although designated by a different case number in the trial court, was in reality a part and continuation of other pending proceedings in which the same trial judge had previously heard a matter involving a contested issue of law or fact. For that reason, the affidavit was untimely. "The mere fact that proceedings are given different county clerk's file numbers should not be controlling." (*Id.* at p. 298, fn. 14.)[6]

In *Solberg v. Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148], the prosecutor filed a motion to disqualify a municipal court judge after the defense had moved to dismiss the charges but before that motion was heard. The judge refused to disqualify herself on the ground that the motion to dismiss presented the same issues of law and fact that she had adjudicated, a week earlier, in similar prosecutions against other defendants. (*Id.* at p. 187.) By the time the case reached the Supreme Court, the only issue was the constitutionality of section 170.6 (which the high court reaffirmed). (*Solberg v. Superior Court, supra,* 19 Cal.3d at pp. 190-191.) In that context, the court observed that the theory on which the judge refused to disqualify herself was "untenable in any event." (*Id.* at p. 190, fn. 6.) As the court explained, "the proceedings at which the People assertedly 'accepted' [the judge]—by failing to move for her disqualification—were not merely an earlier stage of the same prosecution (cf. § 170.6, subd. (2)), but a different group of prostitution charges brought against different defendants. Subdivision (3) of the statute bars any party from making more than one motion 'in

---

[6]Although it is not discernible from the Supreme Court's opinion in *Jacobs v. Superior Court, supra,* 53 Cal.2d 187, *Andrews* says that "the original proceedings [in *Jacobs*] were designated [with one case number] and the subsequent supplemental petition for appointment of guardian was designated [with a different case number]." (*Andrews v. Joint Clerks etc. Committee, supra,* 239 Cal.App.2d at p. 298, fn. 14.) We do not believe the matter of case numbers is dispositive in the present case but suggest that it is an appropriate fact to consider in deciding whether one action is a continuation of another action. In the case before us, there were three case numbers—two from the separately filed original cases against Halas and Paredes, the third for the refiled case.

any one action or special proceeding;' *by negative implication, in two successive actions a party may move to disqualify in each, or may disqualify in the later action without waiving that right by failing to so move in the earlier.* The wording of the statute thus appears to foreclose any argument premised on the doctrine of collateral estoppel." (*Solberg v. Superior Court, supra,* 19 Cal.3d at p. 190, fn. 6, italics added.)

In *Lyons v. Superior Court* (1977) 73 Cal.App.3d 625 [140 Cal.Rptr. 826], a defendant entered a conditional guilty plea in municipal court. After a superior court judge refused to accept the plea, the matter was remanded to the municipal court where the defendant entered a different conditional guilty plea. When the matter was assigned to the same superior court judge who had rejected the first plea, the defendant filed a disqualification motion. It was timely. The "hearing on the second plea bargain . . . is a separate proceeding from the hearing on the original plea bargain. When the plea was rejected the matter was remanded to the municipal court for further proceedings. Potentially those further proceedings could have resulted in another plea . . . . In any event, when the matter was thereafter certified again to the superior court . . . , a new file number was given to the case. The hearing on the new conditional plea is not merely a 'continuation of the main proceeding' [citations], but rather a separate proceeding in which different determinations might be reached." (*Id.* at pp. 628-629.)

In *City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580 [256 Cal.Rptr. 274], three consolidated actions challenging a city's approval of a construction project were decided in favor of the city and the owner of the project. Thereafter, the city adopted a moratorium ordinance to stop construction of the project it had approved. In the consolidated actions, the owner obtained leave to file a cross-complaint against the city to challenge the moratorium, then sought and obtained a temporary restraining order, all from the judge who had presided at trial. The owner then retained new lawyers and they, in turn, filed a disqualification motion. The motion was timely because the cross-complaint was, in effect, a new action challenging the moratorium. It did not involve matters necessarily relevant or material to the issues involved in the original proceedings. The cross-complaint was not merely a continuation of the earlier proceeding. (*Id.* at p. 593.)

In *Le Louis v. Superior Court* (1989) 209 Cal.App.3d 669 [257 Cal.Rptr. 458], the court held that a preliminary hearing is not a "separate proceeding" vis-à-vis subsequent proceedings in the superior court. For this reason, a

defendant who files a disqualification motion at the time of his preliminary hearing cannot file a second motion in superior court. (*Id.* pp. 678-679.)[7]

In *Nissan Motor Corp. v. Superior Court* (1992) 6 Cal.App.4th 150 [7 Cal.Rptr.2d 801], a disqualification motion was filed after three civil cases, originally assigned to three different judges, were consolidated and assigned to the same judge. The affidavit was timely. Section 170.6 should be construed liberally, with a view to effect its objects and to promote justice. In " 'two successive actions a party may move to disqualify in each, or may disqualify in the later action without waiving that right by failing to so move in the earlier action.' " (*Nissan Motor Corp. v. Superior Court, supra,* 6 Cal.App.4th at pp. 154-155; accord, *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860, 865 [24 Cal.Rptr.2d 645].)

### D.

█ The present case does not fit squarely within the four corners of any of the cases discussed above. As viewed by the superior court, the refiled case is a continuation of the dismissed case because it necessarily involves the same issues of law and fact. As viewed by Paredes, the refiled case is new in every respect and the issues of law and fact are substantially different because there is now a special circumstance allegation that was not present in the dismissed case. In addition, says Paredes, a rule that would treat the dismissed and refiled cases as one and the same case would make a mockery of the procedure permitted by Penal Code sections 1382 and 1387. It is for this latter reason that we agree with Paredes.

█ "It is fundamental that the general right to 'a speedy and public trial' guaranteed by the Sixth Amendment to the United States Constitution is encompassed within the due process clause of the Fourteenth Amendment and is thus fully applicable to the states." (*Townsend v. Superior Court* (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619], quoting from *Klopfer v. North Carolina* (1967) 386 U.S. 213, 223 [87 S.Ct. 988, 993, 18 L.Ed.2d 1].) Article I, section 15 of the California Constitution contains

---

[7]*Le Louis,* on which the superior court relies, is factually inapposite. In *Le Louis,* the defendant was first charged by felony complaint with two counts of solicitation of murder. After the defendant filed his first disqualification motion and while that complaint was still pending in the municipal court, a second complaint was filed alleging the same offenses and adding another defendant and another count (conspiracy to commit murder). With the defendant's consent and based upon an agreement that only one information would be filed, a combined preliminary hearing was held on both complaints. The defendant was held to answer on all three counts and a single information was filed with a new case number. The defendant said the existence of the two complaints meant there were two actions. The court disagreed, finding the two cases became one when they were consolidated for the preliminary hearing. (*Le Louis v. Superior Court, supra,* 209 Cal.App.3d at pp. 682-683.)

similar language. In addition, Penal Code section 1382, subdivision (a)(2), gives the defendant in a felony case the right to be brought to trial within 60 days of his arraignment in superior court. Although the statutory rights granted by Penal Code section 1382 cannot properly be termed "fundamental" in the same sense as a defendant's federal and state constitutional rights (*Townsend v. Superior Court, supra,* 15 Cal.3d at p. 781), the supplementary rights granted by the statute are significant. Unless salvaged by circumstances supporting the application of an exception, the rule is that a prosecution twice terminated pursuant to Penal Code section 1382 is barred and cannot be refiled. (Pen. Code, § 1387; *Dunn v. Superior Court* (1984) 159 Cal.App.3d 1110, 1114 [206 Cal.Rptr. 242].)

To prevent the mischief that would otherwise result, a "termination" pursuant to Penal Code section 1382 must be treated as a termination, not as a nit to be picked only when it serves the convenience of the prosecutor or the court. The point is made, we think, by an attempt to apply the rule urged upon us by the superior court, to wit: Start with the facts of this case. Assume a conclusion by us that this case is a "continuation" of the dismissed case and, therefore, that Paredes's disqualification motion was properly denied. We issue our opinion and vacate our stay. On the last day the case can be brought to trial after remand, the People are unable to proceed for a reason covered by Penal Code section 1382 and the case is again dismissed. It is refiled a third time. Paredes moves to dismiss as provided by Penal Code section 1387. The People oppose the motion, claiming the first and second actions are not separate and distinct proceedings, that the latter was a mere continuation of the former. Under our assumed scenario, our opinion would necessarily support the People's position. We would, in effect, have created yet another judicial exception to the rules adopted by the Legislature when it enacted and subsequently amended sections 1382 and 1387. That is not our role.

To the contrary, we must give effect to the plain meaning of the statutes. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Penal Code section 1382 commands that, absent good cause to do otherwise, the court "shall order the action to be dismissed" when it is not brought to trial within the required time. Penal Code section 1384, by its mandate to discharge the defendant from custody if the judge directs dismissal of the action, tells us this dismissal is real. Penal Code section 1387 provides that an "order terminating an action" pursuant to these statutes is a bar to any other prosecution under the circumstances described. Penal Code section 1387.2 tells us that, "[u]pon the express consent of both the people and the defendant, in lieu of issuing an order terminating an action the court may proceed on the existing accusatory

pleading," in which event a new time period commences. In our view, a finding that the refiled case was but a continuation of the terminated case would be tantamount to a somewhat oxymoronic "compelled express consent" under Penal Code section 1387.2. Although it appears obvious that a genuine stipulation according to the terms authorized by Penal Code section 1387.2 would mean there was only one case (since nothing would be dismissed, nothing refiled), that issue is not now before us and we do not decide it. We do opine, however, that there would have been no need, in 1992, to enact Penal Code section 1387.2 if a refiled case could be treated as a continuation of a dismissed case. (Stats. 1992, ch. 278, § 2, p. 1110.)[8]

The cases interpreting section 170.6 are not inconsistent with our conclusion. *Jacobs v. Superior Court, supra,* 53 Cal.2d 187, if not all of its progeny, is premised on the notion that a party ought not to be able to disqualify a judge from hearing a supplementary proceeding involving matters that were necessarily relevant and material to the issues involved in the original proceeding. That notion has nothing to do with the situation now before us. *Solberg v. Superior Court, supra,* 19 Cal.3d 182, on the other hand, directly supports our conclusion, albeit in dicta, by its suggestion that the bar against a party's multiple disqualification motions in the same case means, by negative implication, that "in two successive actions a party may move to disqualify in each, or may disqualify in the later action without waiving that right by failing to so move in the earlier." (*Id.* at p. 190, fn. 6; see also *Spector v. Superior Court, supra,* 55 Cal.2d at pp. 842-844; *Lyons v. Superior Court, supra,* 73 Cal.App.3d at pp. 628-629; *Eagle Maintenance & Supply Co. v. Superior Court, supra,* 196 Cal.App.2d at p. 695 [section 170.6 is liberally construed "to effect its objects and to promote justice"]; *McCauley v. Superior Court* (1961) 190 Cal.App.2d 562, 564 [12 Cal.Rptr. 119] [the right conferred by section 170.6 is a substantial right which is now part of the system of due process and judicial fair play in this state].)

Two points remain to be made. First, our holding is not based on the fact that the refiled case included a special circumstance allegation that was not part of the terminated action. Whatever merit there may be to the contention that this change in itself makes the cases distinct (*City of Hanford v. Superior*

---

[8]We have found very little legislative history for Penal Code section 1387.2, but what little there is does not suggest our conclusion is wrong. (See, e.g., Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1721 (1991-1992 Reg. Sess.) June 16, 1992 [After noting that, under the usual procedures, "the case must start over if refiled," the report quotes the California Judges' Association as stating that this bill would "allow for a case not to be dismissed, upon the express consent of both the prosecution and the defense, and go on, but the action considered as a 'dismissal' for purposes of the 'one-dismissal' rule. This would eliminate delays, rearrest, rebooking, refiling, and relitigation if there had already been hearings. Both sides of the lawsuit gain and the court would eliminate costly duplication of efforts."].)

*Court, supra,* 208 Cal.App.3d at p. 593), our decision in this case would be the same had the refiled charges been identical to those previously dismissed. Second, we agree with the superior court that, absent a showing of improper retaliatory reassignment, this case may on remand be reassigned to Judge Coen (who was disqualified by Halas in the terminated case). In this case, no one has moved to disqualify Judge Coen (and we therefore need not decide, as also claimed by Paredes, that his interests are so adverse to those of Halas that the defendants are not on the same "side" within the meaning of section 170.6).

## DISPOSITION

Let a peremptory writ issue commanding the superior court to grant Paredes's motion to disqualify Judge Wiatt and to transfer this case to another judge. Our order to show cause is discharged and the temporary stay heretofore issued is vacated.

Spencer, P. J., and Ortega, J., concurred.