[No. B165126. Second Dist., Div. One. July 31, 2003.]

ERNESTO GALLEGOS ROBLES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Janice Y. Fukai, Alternate Public Defender, Michael Goodman and Jason Rubel, Deputy Alternate Public Defenders, for Petitioner.

Steve Cooley, District Attorney, Patrick D. Moran and William Woods, Deputy District Attorneys, for Real Party in Interest.

No appearance for Respondent.

## OPINION

**VOGEL (MIRIAM A.), J.**—In *Paredes v. Superior Court* (1999) 77 Cal.App.4th 24, 26 [91 Cal.Rptr.2d 350], "one of two defendants timely moved to disqualify the trial judge and the cause was reassigned. (Code Civ. Proc., § 170.6.) When the last day on which the case could be tried arrived and the prosecutor was unable to proceed, the case was dismissed (Pen. Code, §§ 1382, 1387), then refiled (Pen. Code, § 1387) and assigned to the same judge to whom it had been previously assigned. [1] The other defendant then moved to disqualify the judge, who denied the motion on the ground that the refiled action [was] a 'continuation' of the dismissed action." We disagreed and held that "a finding that the refiled case was but a continuation of the terminated case would be tantamount to a somewhat oxymoronic 'compelled

---

[1] All references to section 170.6 are to that section of the Code of Civil Procedure; all other section references are to the Penal Code.

express consent' under ... section 1387.2," which permits the parties to consent to rearraignment in the existing action. (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 36.) We said that, "[a]lthough it appear[ed] obvious that a genuine stipulation according to the terms authorized by ... section 1387.2 would mean there was only one case (since nothing would be dismissed, nothing refiled), that issue [was] not [then] before us and we [did] not decide it." (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 36.)

In the case now before us, where there was a genuine stipulation according to the terms authorized by section 1387.2, we hold there was only one case for purposes of section 170.6.

## BACKGROUND

On May 2, 2002, an information was filed charging Ernesto Gallegos Robles with nine counts of attempted murder (with various enhancement allegations), and the case was assigned to the Honorable Ronald S. Coen. Robles entered a plea of not guilty and did not move to disqualify Judge Coen. When the case was called for trial on January 17, 2003, the prosecutor was unable to proceed. Judge Coen's minute order for that day states: "In lieu of dismissing [this] case, and upon agreement of all parties[,] the court is treating the existing information as a new pleading pursuant to ... section 1387.2. [¶] Time begins tolling this date as 0 of 60. [¶] The defendant is rearraigned and pleads not guilty to all charges and denies allegations. [¶] Matter is assigned to this court for all further proceedings."

On January 21, Robles filed a motion to disqualify Judge Coen. (§ 170.6.) Relying on our dicta in *Paredes v. Superior Court, supra,* 77 Cal.App.4th 24, Judge Coen struck the challenge as untimely. Robles filed a petition for a writ of mandate in which he asked us to compel Judge Coen to honor the challenge. We summarily denied the petition, and Robles then filed a petition for review by the Supreme Court. The Supreme Court granted review, stayed all proceedings in the trial court, and transferred the matter back to us with directions to issue an alternative writ.

## DISCUSSION

### A.

As relevant, section 1382, subdivision (a)(2), provides that, absent good cause, the trial court must dismiss a felony case "when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information .... " As relevant, section 1384 provides that "[i]f the judge ... directs the action to be dismissed, the defendant must, if in

custody, be discharged there from ….” As relevant, section 1387 provides: “(a) An order terminating an action pursuant to this chapter … is a bar to any other prosecution for the same offense if it is a felony … and the action has been previously terminated pursuant to this chapter … except in those felony cases … where subsequent to the dismissal of the felony … the judge or magistrate finds [certain specified conditions exist].”

As relevant, section 1387.2 provides that, “[u]pon the express consent of both the people and the defendant, in lieu of issuing an order terminating an action the court may proceed on the existing accusatory pleading. *For the purposes of Section 1387, the action shall be deemed as having been previously terminated.* The defendant shall be rearraigned on the accusatory pleading and a new time period … shall commence.” (Italics added.)

“Read together, these statutes mean that a felony case once dismissed for delay can be refiled, but (subject to certain exceptions) a felony case twice dismissed for delay cannot. In short, a third or subsequent prosecution is barred. [Citations.] When the first action is terminated under this procedure and the People file a new complaint, a second preliminary hearing must be held and the evidence subjected anew to a magistrate’s evaluation. [Citation.] *In lieu of a required dismissal and permitted refiling, the parties may agree to proceed on the existing accusatory pleading, with the action ‘deemed’ to have been ‘previously terminated’ [for purposes of section 1387].* ( … § 1387.2.) These statutes exist to protect a defendant’s right to a speedy trial and must be construed to serve that overriding purpose. [Citation.]” (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at pp. 28–29, italics added.)

## B.

As relevant, section 170.6 provides: “(1) No judge … shall try any civil or criminal action … nor hear any matter therein … when it shall be established … that the judge … is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action …. [¶] (2) Any party to or any attorney appearing in any such action … may establish this prejudice by an oral or written motion … supported by affidavit or declaration … that the judge … before whom the action … is pending or to whom it is assigned is prejudiced against any such party or attorney …. If directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge … within 10 days after notice of the all purpose assignment …. [¶] (3) … [N]o party or attorney shall be permitted to make more than one such motion in any one action …; and in actions … where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action …, only one motion for each side may be made in any one action ….”

## C.

There were two defendants in *Paredes,* Anthony Halas and Kevin Paredes. Halas was charged first, and his case was assigned to Judge Coen. Halas timely challenged Judge Coen and his case was transferred to the Honorable L. Jeffrey Wiatt. Paredes was then charged with the same murder and his case was assigned to Judge Wiatt. When the prosecutor was unable to proceed on the day of trial, the trial court granted Paredes's and Halas's motions to dismiss. (§§ 1382, 1387.) Later the same day, a complaint was filed against both defendants and both were later held to answer. A single information was filed and the case was assigned to Judge Coen, who transferred the case to Judge Wiatt for trial. Paredes then challenged Judge Wiatt, who struck the challenge on the ground that the refiled case was a "continuation" of the previous case in which Halas had challenged Judge Coen. (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 27.) On Paredes's petition for a writ of mandate, we agreed that the refiled case was not a continuation of the previously dismissed case. We discussed the dismissal statutes (§§ 1382, 1384, 1387, 1387.2) and the section 170.6 cases, and held, as relevant to the issue now before us, that the statutory speedy trial right granted by section 1382, subdivision (a)(2), is significant. We reasoned thus:

"To prevent the mischief that would otherwise result, a 'termination' pursuant to … section 1382 must be treated as a termination, not as a nit to be picked only when it serves the convenience of the prosecutor or the court. The point is made, we think, by an attempt to apply the rule urged upon us by the superior court, to wit: Start with the facts of this case. Assume a conclusion by us that this case is a 'continuation' of the dismissed case and, therefore, that Paredes's disqualification motion was properly denied. We issue our opinion and vacate our stay. On the last day the case can be brought to trial after remand, the People are unable to proceed for a reason covered by … section 1382 and the case is again dismissed. It is refiled a third time. Paredes moves to dismiss as provided by … section 1387. The People oppose the motion, claiming the first and second actions are not separate and distinct proceedings, that the latter was a mere continuation of the former. Under our assumed scenario, our opinion would necessarily support the People's position. We would, in effect, have created yet another judicial exception to the rules adopted by the Legislature when it enacted and subsequently amended sections 1382 and 1387. That is not our role.

"To the contrary, we must give effect to the plain meaning of the statutes. [Citation.] [S]ection 1382 commands that, absent good cause to do otherwise, the court 'shall order the action to be dismissed' when it is not brought to trial within the required time. [S]ection 1384, by its mandate to discharge the defendant from custody if the judge directs dismissal of the action, tells us

this dismissal is real. [S]ection 1387 provides that an 'order terminating an action' pursuant to these statutes is a bar to any other prosecution under the circumstances described. [S]ection *1387.2 tells that, '[u]pon the express consent of both the people and the defendant, in lieu of issuing an order terminating an action the court may proceed on the existing accusatory pleading,' in which event a new time period commences. In our view, a finding that the refiled case was but a continuation of the terminated case would be tantamount to a somewhat oxymoronic 'compelled express consent' under ... section 1387.2. Although it appears obvious that a genuine stipulation according to the terms authorized by ... section 1387.2 would mean there was only one case (since nothing would be dismissed, nothing refiled), that issue is not now before us and we do not decide it. We do opine, however, that there would have been no need, in 1992, to enact ... section 1387.2 if a refiled case could be treated as a continuation of a dismissed case.* (Stats. 1992, ch. 278, § 2, p. 1110.)" (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at pp. 35–36, italics added, fn. omitted.)

In a footnote to the last paragraph, we added this: "We have found very little legislative history for ... section 1387.2, but what little there is does not suggest our conclusion is wrong. (See e.g., Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1721 (1991–1992 Reg. Sess.) June 16, 1992 [After noting that, under the usual procedures, 'the case must start over if refiled,' the report quotes the California Judges' Association as stating that this bill would 'allow for a case not to be dismissed, upon the express consent of both the prosecution and the defense, and go on, but the action considered as a "dismissal" for purposes of the "one-dismissal" rule. This would eliminate delays, rearrest, rebooking, refiling, and relitigation if there had already been hearings. Both sides of the lawsuit gain and the court would eliminate costly duplication of efforts.'].)" (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 36, fn. 8.)

### D.

Robles concedes the information was originally filed on May 2, 2002, but claims "it was in essence filed anew on January 17, 2003." He contends section 1387.2 "encourages parties in a criminal matter to streamline the process [in] cases which are facing a dismissal and refiling," and saves "the parties and the court [from] repeating all of the stages of the proceedings prior to trial." He says that if, by consenting to a stipulated termination, "the parties lose the rights that would have been available to them if they had exercised their right to a dismissal and refiling, then parties will be discouraged from consenting to such terminations." To avoid that result, Robles says his January 21 disqualification motion should be treated as timely because it was filed within 10 days after the "assignment" to Judge Coen. (§ 170.6, subd. (2).) We disagree.

As we explained in *Paredes,* section 1387.2 was enacted to provide an alternative procedure that would allow the parties to avoid dismissal, rearrest, rebooking, and refiling upon the express consent of both the prosecutor and the defendant. (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 36, fn. 8.) We presumed then (and still do) that prosecutors and defendants alike would give their "express consent" to the section 1387.2 procedure only when satisfied with the existing judicial assignment, and otherwise withhold their consent. We also presumed (and still do) that the Legislature knew what it was saying when it provided in section 1387.2 that, "[f]or the purposes of Section 1387, the action shall be deemed as having been previously terminated"—and that the Legislature did not intend the reference to section 1387 to mean "for the purposes of section 1387 of the Penal Code and section 170.6 of the Code of Civil Procedure."

■ In the four years since *Paredes* was decided, the criminal bar has been on notice that a dismissal and refiling give new rights to the parties under section 170.6—and on notice of a rather strong probability that "a genuine stipulation according to the terms authorized by ... section 1387.2" would mean there was only one case within the meaning of section 170.6 and, therefore, no new rights under section 170.6. (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 36.) Robles's only argument—that this result discourages the parties from giving their "express consent"—is abstractly interesting but substantively irrelevant to the process of statutory interpretation. Had Robles wanted to escape from Judge Coen, he could have withheld his consent (which would have been sufficient to compel dismissal since section 1387.2 requires the consent of both the prosecutor and the defense). Here, as in *Paredes,* we must give effect to the plain meaning of the statute. (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 35.)

For these reasons, and because Robles has offered no authority or legislative history to support any other result, we reject his contention that although the information was originally filed on May 2, 2002, and although the action was not dismissed, the action "was in essence filed anew on January 17, 2003." It follows that Robles's disqualification motion was untimely and properly stricken. (*Paredes v. Superior Court, supra,* 77 Cal.App.4th at p. 36; see also *Jacobs v. Superior Court* (1959) 53 Cal.2d 187, 191 [1 Cal.Rptr. 9, 347 P.2d 9]; *Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360 [132 Cal.Rptr.2d 130].)

## DISPOSITION

The petition is denied and the stay is vacated.

Spencer, P. J., and Ortega, J., concurred.

Petitioner's petition for review by the Supreme Court was denied October 15, 2003. Baxter, J., did not participate therein.