Filed 11/1/19

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GARY GRANT HAMPTON, JR.,<br><br>        Defendant and Appellant. | C081038, C081243<br><br>(Super. Ct. Nos. CRF121961,<br>  CRF122695, CRF140755) |

APPEAL from judgments of the Superior Court of Sutter County, Perry Parker, Judge in CRF121961 and CRF140755, and Susan E. Green, Judge in CRF122695. Reversed.

Elizabeth Campbell and Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Eric L. Christoffersen and Catherine Chatman, Supervising Deputy Attorneys General, Jesse Witt and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

        This opinion addresses a trial court's authority to vacate dismissal of a criminal action as part of a plea bargain. Pursuant to a stipulation by the parties made at its

1

suggestion, the trial court vacated its earlier dismissal of an information against defendant Gary Grant Hampton, Jr., in order to approve a plea agreement in this and other pending actions. The court placed defendant on probation, but later, it found he had violated probation and it sentenced him to prison. On appeal, defendant contends the trial court lacked jurisdiction to vacate its earlier dismissal and thus could not accept his plea, place him on probation, or sentence him to prison for violating probation.

We reverse. No California authority vests a trial court with jurisdiction to vacate the dismissal of a criminal case upon the stipulation of the parties seeking to adopt a plea agreement. Under California jurisdiction law, a court loses subject matter jurisdiction upon dismissing a criminal case in its entirety, and these rules prevent a court from later vacating such a dismissal, even when the vacation was sought by stipulation of the parties.

## FACTS AND LEGAL PROCEEDINGS

The People by information, charged defendant with battery, criminal threats, assault, spousal battery, false imprisonment, car theft, obstructing use of a cell phone to summon assistance, and five felony priors. Later, the People amended the information to allege defendant had been convicted of a serious felony for purposes of the Three Strikes law. Also, in two separate actions, the People claimed that defendant's crimes violated his probation.

The People later moved to dismiss the main case and file new charges, and to proceed to trial on the probation violations the following day. The trial court granted the motion and dismissed the main case. The court itself gave no reason for the dismissal. The minute order notes the case was dismissed in the interest of justice. Upon dismissing the action, the court ordered defendant to be discharged from custody for purposes of the main case only.

2

The following day, during the afternoon of trial on the probation violations, the court announced that counsel had met with it in chambers and advised it of a possible resolution in the probation cases. The resolution involved "reactivating" the main case. After reconfirming with counsel, the court stated: "To the extent that I dismissed this matter . . . I am setting aside that dismissal and that file will become operative for all purposes and do counsel agree to that?" After counsel agreed, the court ruled, "The dismissal of that case is vacated."

Immediately after vacating the dismissal, the court stated that the prosecutor "has filed a Second Amended Information which absent any objection I am going to have the clerk file." Defense counsel had no objection. She also waived formal arraignment and advisement of rights. The second amended information, filed with the same case number as the previously dismissed main case, omitted the serious felony strike allegation which the first amended information contained. The court entered not-guilty pleas on behalf of defendant to all the charges in the second amended information and denials of the priors.

The court next considered the plea bargain, which addressed all the pending cases. Defendant pleaded no contest to spousal abuse and car theft, and the prosecution dismissed all other charges, including the two violation of probation actions. Defendant was to receive credit for time served. The court released him on his own recognizance and continued the matter for sentencing.

Approximately six months later, defendant moved to withdraw his plea and dismiss the main case. He contended the court did not have jurisdiction to enter his plea because it had no power at the time to reinstate a dismissed count. He claimed that once the court dismissed the main case, it had no jurisdiction, even by stipulation, or inherent authority to vacate the dismissal and allow the information to be amended.

In opposition, the prosecutor submitted a declaration describing what happened when the court vacated the dismissal of the main action. After he, defense counsel, and the court met in chambers over an issue in the violation of probation trial, he, defense

3

counsel, and defendant negotiated a settlement in the courtroom. The prosecutor offered formal probation plus time served on two felonies, one of which qualified as a strike. Defendant rejected that offer because he could not risk a second strike.

The prosecutor then offered probation on two non-strike felonies with credit for time served. This offer required defendant to enter pleas on the charges that were dismissed the previous day. Defendant was amenable. The prosecutor and defense counsel discussed in defendant's presence the need to refile the dismissed case. The court interjected that rather than the People refile the dismissed case, the court could vacate the dismissal by stipulation. The prosecutor, defense counsel, and defendant agreed on this course.

Continuing his argument against defendant's motions to withdraw his plea and dismiss the case, the prosecutor agreed it would have been "far cleaner" for the People to have refiled the case under a new case number, which they had the right to do. But at the court's suggestion to vacate the dismissal as the more expedient method, the parties agreed to do so by stipulation. The prosecutor argued that defendant had waived any irregularity.

The trial court denied defendant's motions to withdraw the plea and dismiss the case. It did not explain its reasoning. At sentencing, the court suspended the imposition of sentence and placed defendant on formal probation for three years plus time served.

Less than four months later, the trial court determined defendant had violated his probation. It sentenced him to two years' incarceration for the car theft and a concurrent two years on the spousal battery. The court credited him with 588 days. The court later issued a certificate of probable cause.

## DISCUSSION

Defendant raises the same arguments here that he raised before the trial court. He contends in appeal No. C080138 that the judgment against him and his sentence are void

4

because the court had no subject matter jurisdiction when it vacated the dismissal of the main case and accepted his plea. The court lost jurisdiction when it dismissed the main case and thus had no authority to vacate the dismissal. He claims the court could regain jurisdiction only by the prosecutor either obtaining a grand jury indictment or filing a new complaint. (Cal. Const., art. I, § 14; Pen. Code, § 738 [undesignated statutory section references that follow are to the Penal Code unless otherwise stated].)

Alternatively, he argues in appeal No. C081243 that the People brought their petition to revoke probation in bad faith, and the court abused its discretion when it revoked his probation and sentenced him to prison.

The People disagree with defendant. They contend in appeal No. C080138 that the trial court had jurisdiction to vacate the dismissal because either the first amended information was revived by stipulation of the parties upon the vacation, or the second amended information was deemed to be the constructive filing of a new complaint, and defendant in entering his plea waived his right to a preliminary hearing. The People cite no authority to support either of these arguments.

The People further argue that if the court did not have jurisdiction, the vacation of the dismissal was a procedural irregularity, and defendant waived all irregularities and admitted all matters essential to the conviction when he entered his plea. They also claim defendant is trifling with the court. He stipulated to vacating the dismissal to facilitate his plea bargain and he received the bargain's benefit. The People argue he should be estopped from challenging the court's actions.

In appeal No. C081243, the People claim they did not allege a violation of probation in bad faith, and the trial court did not abuse its discretion by revoking probation.

Neither the parties nor we have found a reported California opinion discussing whether the People and the defendant in a criminal action may stipulate to vacate a dismissal to implement a plea bargain.

In general, a dismissal of an entire criminal action is a final order that leaves a court without jurisdiction to reinstate the case. (*Conservatorship of Christopher B.* (2015) 240 Cal.App.4th 809, 816-817.) Once the court has dismissed the action, it loses jurisdiction to correct judicial error. (*Id*. at p. 817.) "Where no actual fraud has been perpetrated upon the court, a criminal court has no authority to vacate a dismissal entered deliberately but upon an erroneous factual basis." (*Smith v. Superior Court* (1981) 115 Cal.App.3d 285, 287.)

Generally, once the court has lost subject-matter jurisdiction, the parties cannot vest jurisdiction in the court by stipulation. "The parties to a judicial proceeding cannot, either jointly or severally, effectively stipulate or concede that the court either has or lacks jurisdiction to act in the particular matter." (*Griggs v. Superior Court* (1976) 16 Cal.3d 341, 344, fn. 2.) "Jurisdiction may not be conferred by stipulation." (*Kurtz v. Cutler* (1918) 178 Cal. 178, 181.) "If a court is without jurisdiction, no amount of consent or estoppel can bestow it." (*People v. Dethloff* (1992) 9 Cal.App.4th 620, 625.)

"Jurisdiction in any proceeding is conferred by law; that is, by the constitution or by statute." (*Harrington v. Superior Court* (1924) 194 Cal. 185, 188.) We are aware of no constitutional or statutory provision that authorizes the parties in a criminal action to stipulate to the trial court vacating its earlier dismissal of the entire action to restore jurisdiction to implement a plea bargain.

One statute comes close. Section 1387.2 expressly authorizes the parties in a criminal case in effect to stipulate to jurisdiction *in lieu of* the court under section 1382

ordering dismissal of a felony complaint not brought to trial within 60 days of the defendant's arraignment. One court has noted, however, that if the original case is dismissed under section 1382 before the stipulation is entered, the new case is not a continuing case, thereby implying the right to stipulate under section 1387.2 ends after the case is dismissed. (*Paredes v. Superior Court* (1999) 77 Cal.App.4th 24, 35-36.)

By adopting section 1387.2 and expressly giving parties a right to stipulate to continue a case in lieu of it being dismissed, the Legislature recognized that a dismissal resulted in the trial court losing jurisdiction of the matter until it was refiled under a new complaint. Indeed, "there would have been no need . . . to enact Penal Code section 1387.2 if a refiled case could be treated as a continuation of a dismissed case." (*Paredes v. Superior Court, supra*, 77 Cal.App.4th at p. 36.) "In lieu of" means "instead of," not "after." (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 718, col. 1.) Nowhere did the Legislature give the parties the right to stipulate to jurisdiction after the dismissal was entered.

Other statutes also miss the mark. Code of Civil Procedure section 473, authorizing relief for a dismissal resulting from inadvertence and excusable neglect, does not apply to criminal cases. (*Gonzales v. Superior Court* (1935) 3 Cal.2d 260, 263.) Section 871.5 authorizes a prosecutor to seek *review* in the superior court of a magistrate's order that dismissed a complaint in the interest of justice under section 1385, but the prosecutor must show the dismissal was error as a matter of law. (§ 871.5, subd. (b).)

Although subject matter jurisdiction is vested by the constitution and statutes, courts have broad inherent powers apart from any statute to carry out their duties. Under these powers, a court may be authorized to vacate a final judgment of dismissal that was procured by extrinsic fraud. (*Marler v. Municipal Court* (1980) 110 Cal.App.3d 155, 162.) However, we have found no case that holds that a criminal court can vacate a dismissal pursuant to the parties' stipulation as part of its inherent powers where the

7

dismissal was not procured by fraud. "A court has no authority to confer jurisdiction upon itself where none exists." (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 636 [superior court did not have inherent authority to hear a *Pitchess* motion brought for discovery purposes in an administrative hearing]; see *People v. Kirkpatrick* (1991) 1 Cal.App.4th 538, 544-545 [trial court has power to vacate sentence that was based on intrinsic fraud until events terminate the court's jurisdiction (i.e., before entry of a sentence in the minutes and before the filing of a notice of appeal)].)

One court has upheld a trial court's vacation of a dismissal of some, but not all, of the counts in a criminal complaint. In *People v. Nesbitt* (2010) 191 Cal.App.4th 227, the court of appeal upheld the trial court's vacating its dismissal of two counts in a six-count complaint. The trial court had jurisdiction to vacate its dismissal because the order was an interim order. At the time, the court had not been divested of jurisdiction over the cause, as trial of the remaining counts was ongoing and no final judgment had been entered. The dismissal order was not a final resolution of the case. (*Id*. at pp. 238-243.)

The *Nesbitt* court distinguished its case from *Smith v. Superior Court, supra*, 115 Cal.App.3d 285, where the appellate court reversed the trial court's vacation of its dismissal of the entire case. The trial court in that matter had no authority to vacate its earlier dismissal of the entire action because the dismissal was a final judgment that terminated the entire prosecution. (*People v. Nesbitt, supra*, 191 Cal.App.4th at p. 238.) " 'Generally speaking, courts may correct judicial error in the making of interim orders or in limine rulings until pronouncement or entry of a judgment. [Citations.] On the other hand, judicial error in the making of a final order or judgment "may not be corrected except pursuant to statutory procedures" or on the limited grounds available for a collateral attack. [Citations.]' " (*Id*. at pp. 241-242, quoting *People v. DeLouize* (2004) 32 Cal.4th 1223, 1231.)

Here, the dismissal at the time operated as a final judgment. The prosecution intended it to be a dismissal, as it announced it would file a new complaint. The trial

court acted upon it as a dismissal with jurisdictional effect, as it released defendant from custody for purposes of the case.  Everyone left the courtroom that day fully understanding the case had been dismissed and the court had lost subject matter jurisdiction over it.  No California authority authorizes the parties in such a situation to reconfirm jurisdiction on a trial court by stipulation to implement a plea bargain.

## II

### *C081243*

Because we reverse in C081038, we need not address the issues raised in C081243.

## DISPOSITION

The judgment is reversed.

 

 

_____

      HULL, J.

We concur:

_____

RAYE, P. J.

_____

MAURO, J.