[No. G012457. Fourth Dist., Div. Three. May 8, 1992.]

NISSAN MOTOR CORPORATION IN U.S.A., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
CONSTANCE L. BOWER et al., Real Parties in Interest.

**COUNSEL**

Ely, Fritz, Hogan & DiPinto, Horvitz & Levy, David M. Axelrad and Lisa Perrochet for Petitioner.

No appearance for Respondent.

Turner, Cooper & Reynolds, Howard G. Lubin and Michael C. Hewitt for Real Parties in Interest.

**OPINION**

**MOORE, J.**—This matter arises out of three unrelated products liability actions filed separately by three groups of plaintiffs, entitled Constance L.

Bower et al. v. Nissan Motor Corporation (Super. Ct. Orange County, No. 538122), Linda J. Faust et al. v. Nissan Motor Corporation (Super. Ct. Orange County, No. 538527), and Janis Lyon v. Nissan Motor Corporation (Super. Ct. Orange County, No. 603657). On its own motion, the trial court consolidated the three actions and transferred two of them to the judge assigned to the third. Petitioner, Nissan Motor Corporation, immediately filed peremptory challenges of the trial judge in the Faust and Lyon matters pursuant to Code of Civil Procedure section 170.6.[1] The judge denied the peremptory challenges as untimely and petitioner sought extraordinary writ relief.

## I

The Bowers filed their complaint for personal injury and damages against petitioner on October 19, 1987, alleging Mrs. Bower was injured when her 1987 Nissan 300ZX suddenly accelerated, causing her to drive through the garage wall of her home. The Fausts filed a similar complaint on October 22, alleging their 1985 300ZX suddenly accelerated and collided with another car, pushing that car into the garage wall. Lyon filed her complaint on September 26, 1989, alleging she was injured on February 11, due to Nissan's negligence and design defects in her 1986 300ZX, which, among other things, made it prone to sudden acceleration.

The Bower case was assigned to Judge James R. Ross on January 28, 1991. The Faust action was assigned to Judge Richard N. Parslow on February 9, 1991, and the Lyon matter was assigned to Judge Richard W. Luesebrink on August 14. Nissan did not file any peremptory challenges under section 170.6. Each of the actions underwent discovery and other pretrial proceedings, and no party moved to consolidate or coordinate the actions. However, on April 9, 1992, the respondent court ordered consolidation of the three actions on its own motion and transferred the Faust and Lyon actions to Judge Ross.

On April 10, the parties appeared at an ex parte hearing scheduled by Bowers' counsel to continue that trial, and, for the first time, Judge Ross advised the parties of the consolidation and transfer of all three cases to his court.

Before April 10, petitioner was unaware the cases would be consolidated and that the Faust and Lyon actions would be transferred to Judge Ross. No notice or opportunity to challenge the sua sponte consolidation order and transfer was given.

---

[1] All further statutory references are to the Code of Civil Procedure.

Petitioner immediately advised Judge Ross it would be filing peremptory challenges in the Faust and Lyon matters, pursuant to section 170.6, and counsel prepared and filed the challenges that same day.

On April 13, Judge Ross ruled petitioner's challenges were untimely, reasoning that no challenge to his assignment had been made in the Bower action, he had made pretrial rulings in that matter, and therefore it was too late to challenge his assignment in the Faust and Lyon actions which involved similar issues. This writ petition followed.

## II

The issue before us appears to be one of first impression.[2] Judge Ross noted the three cases have the same defendant, the same counsel for plaintiff and defendant, and the same alleged defect of sudden acceleration in a Nissan automobile, and felt it would be "ridiculous" to have the three cases before three judges "on the same issue." We conclude the court erred.

■ Section 170.6 guarantees a litigant "an extraordinary right to disqualify a judge." (*McCartney v. Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531 [116 Cal.Rptr. 260, 526 P.2d 268], disapproved on other grounds in *Spruance v. Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 799 [119 Cal.Rptr. 841, 532 P.2d 1209].) The section "should be liberally construed with a view to effect its objects and to promote justice." (*Eagle Maintenance & Supply Co. v. Superior Court* (1961) 196 Cal.App.2d 692, 695 [16 Cal.Rptr. 745].)

■ A peremptory challenge may generally be made at any time prior to commencement of the trial or hearing. (*Los Angeles County Dept. of Pub. Social Services v. Superior Court* (1977) 69 Cal.App.3d 407, 412 [138

---

[2]Two cases which the respondent court found to be analogous are inapposite. In *Le Louis v. Superior Court* (1989) 209 Cal.App.3d 669 [257 Cal.Rptr. 458], the Court of Appeal held that, in a criminal prosecution, the trial judge properly denied defendant's section 170.6 motion, because he had exhausted his one peremptory challenge before the preliminary hearing in municipal court. The filing of a second felony complaint, adding an additional charge and an additional accused to the original complaint, did not vitiate the original complaint and was therefore part of the single action. Defendant's election to exhaust his single statutory peremptory challenge at arraignment on the first complaint precluded him from asserting additional challenges at subsequent stages of the same action. (*Id.* at pp. 683-686.) In *Industrial Indemnity Co. v. Superior Court* (1989) 214 Cal.App.3d 259 [262 Cal.Rptr. 544], the trial judge denied peremptory challenges by add-on parties in a coordination action. The Court of Appeal denied the add-on parties' petition, holding that the Judicial Council rules governing coordination proceedings do not provide for parties to an add-on petition to file a peremptory challenge to the coordination judge, and that the Judicial Council has the authority to exclude parties to an add-on petition from the exercise of peremptory challenges. (*Id.* at pp. 263-264.)

Cal.Rptr. 43].) However, section 170.6 provides: "[i]f directed to the trial of a cause which has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment . . . ." (§ 170.6, subd. (2).)

■ Here, the three cases were pending before three different judges until April 9, 1992. On that date, the cases were consolidated sua sponte and assigned to Judge Ross for all purposes. Petitioner's first notice of this reassignment was on April 10. Its peremptory challenges, exercised the same day it was notified of the assignment, complied with the 10-day time limit imposed by section 170.6. The Faust and Lyon matters should have been transferred for reassignment.

■ Petitioner's decision not to challenge Judge Ross in the Bower action did not constitute a waiver of its right to challenge him in the Faust and Lyon actions. A party's acquiescence of a judge to hear one action does not impair his or her right to exercise a challenge to prevent that judge from hearing another matter, even if that matter raises issues closely related to those in the first action. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 190, fn. 6 [137 Cal.Rptr. 460, 561 P.2d 1148]; *City of Hanford* v. *Superior Court* (1989) 208 Cal.App.3d 580, 593 [256 Cal.Rptr. 274].) "Assigning the same judge to hear a series of complex actions, such as these where there exists subject matter overlap, may promote judicial efficiency. However, judicial efficiency is not to be fostered at the expense of a litigant's rights under section 170.6 to peremptorily challenge a judge. ■ In the same vein, the fact that a party can peremptorily challenge a judge after he has ruled in a case involving related factual or legal issues may result to some extent in forum shopping by parties filing later similar suits. However, collateral estoppel does not apply to disqualification motions. [Citation.] [¶] . . . By negative implication of section 170.6 . . . , which bars a party from making more than one motion in any one action, the statute must be construed to mean that in two successive actions a party may move to disqualify in each, or may disqualify in the later action without waiving that right by failing to so move in the earlier action." (*City of Hanford* v. *Superior Court, supra*, at p. 593, citing *Solberg* v. *Superior Court, supra*, at p. 190, fn. 6.)

Here, the Faust and Lyon actions cannot be characterized as "continuations" of the Bower matter. (*City of Hanford* v. *Superior Court, supra*, 208 Cal.App.3d at p. 593.) The three cases arise out of different injuries and damages, occurring in automobile accidents involving different vehicles at different times and places, and under different fact patterns. They are thus three separate and distinct cases, entitled to separate challenges under section 170.6. The fact that Judge Ross rendered pretrial rulings on the merits in

the Bower matter did not affect petitioner's right to challenge him in the Faust and Lyon actions.

We have followed the procedures and given the notices described in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183 [203 Cal.Rptr. 626, 681 P.2d 893]. Let a peremptory writ of mandate issue directing respondent court to vacate its April 13, 1992, order denying the section 170.6 motions, and to enter a new and different order accepting the peremptory challenges presented in the Faust and Lyon actions.

Crosby, Acting P. J., and Wallin, J., concurred.