132 Cal.Rptr.2d 130 (2003)
107 Cal.App.4th 360
David ZIESMER, Petitioner,
v.
The SUPERIOR COURT of Ventura County, Respondent;
The People, Real Party in Interest.
No. B162045.
Court of Appeal, Second District, Division Six.
March 25, 2003.
As Modified on Denial of Rehearing April 22, 2003.
*131 Loftus and Associates, Richard A. Loftus, Westlake Village, Dawn M. Dunbar, for Petitioner.
Gregory D. Totten, District Attorney, William Haney, Kevin Drescher, Michael D. Schwartz, Senior Deputy District Attorneys, for Real Party in Interest.
No appearance for Respondent.
GILBERT, P.J.
Here we conclude that the dismissal of a grand jury indictment pursuant to Penal Code section 995, subdivision (a)(1)(A) terminates the action. Therefore, if the action is refiled and assigned to the same judge to whom the case was originally assigned, a party may disqualify the judge pursuant to Code of Civil Procedure section 170.6.
We grant David Ziesmer's petition for writ of mandate and direct respondent court to vacate its order denying Ziesmer's timely peremptory challenge to the judge assigned to his case.

FACTS
On August 21, 2000, the Ventura grand jury indicted Ziesmer for murder. On May 25, 2001, the case was assigned to Judge O'Neill for all purposes. Ziesmer did not challenge Judge O'Neill as permitted by Code of Civil Procedure section 170.6 ("section 170.6").[1] Judge O'Neill set the case for trial and heard pretrial motions concerning application of the attorney-client privilege to items seized during a special master search and issued orders restricting Ziesmer's communications in jail.
Prior to the date set for trial, Ziesmer moved to dismiss the grand jury indictment under Penal Code section 995, subdivision (a)(1)(A).[2] The superior court granted the motion because the Ventura County grand jury did not represent a fair cross-section of the community in violation of the Sixth Amendment of the United States Constitution. The order dismissing the indictment directed the People to resubmit the case to another grand jury or file a complaint. (See Pen.Code, §§ 997, 998 & 1010.) Immediately after the dismissal was entered, the People filed a *132 complaint under the same case number charging the same crimes as those in the dismissed indictment.
The master calendar department returned the case to Judge O'Neill. The day after the complaint was filed, Judge O'Neill granted Ziesmer's motion to continue the arraignment with a reservation of "any rights he might have or not have" to file a motion to disqualify the judge per section 170.6.
One day prior to the date set for arraignment, Ziesmer moved to disqualify Judge O'Neill per section 170.6. The People opposed the motion on the grounds that dismissal of the indictment did not terminate the action and that Ziesmer waived his right to challenge Judge O'Neill by failing to do so when he first learned of Judge O'Neill's assignment on May 25, 2001.

DISCUSSION

I
Cases have held that a trial court abuses its discretion when it erroneously denies a motion to disqualify a judge under section 170.6. (People v. Superior Court (Maloy) (2001) 91 Cal.App.4th 391, 395, 109 Cal.Rptr.2d 897; Zilog, Inc. v. Superior Court (2001) 86 Cal.App.4th 1309, 1315, 104 Cal.Rptr.2d 173.) The test for abuse of discretion is whether the trial court exceeded the bounds of reason. (Shamblin v. Brattain (1988) 44 Cal.3d 474, 478, 243 Cal.Rptr. 902, 749 P.2d 339.) The abuse of discretion standard is itself much abused. In deciding a section 170.6 motion, the trial court has no discretion. We think it appropriate to review a decision granting or denying a peremptory challenge under section 170.6 as an error of law. Therefore we review under the nondeferential de novo standard.
Section 170.6 guarantees a litigant "`an extraordinary right to disqualify a judge.'" (Nissan Motor Corp. v. Superior Court (1992) 6 Cal.App.4th 150, 154, 7 Cal.Rptr.2d 801.) When a challenge is timely and properly made, the challenged judge immediately loses jurisdiction and must recuse himself. If he does not, his subsequent orders and judgments are void. (In re Abdul Y. (1982) 130 Cal. App.3d 847, 854-855, 182 Cal.Rptr. 146.)
A party is limited to a single peremptory challenge "in any one action or special proceeding." (§ 170.6, subd. (3).) A challenge to a judge assigned for all purposes is timely if "the motion [is] made to the assigned judge ... by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance." (§ 170.6, subd. (2).) "A party's acquiescence of a judge to hear one action does not impair his or her right to exercise a challenge to prevent that judge from hearing another matter, even if that matter raises issues closely related to those in the first action." (Nissan Motor Corp. v. Superior Court, supra, 6 Cal. App.4th at p. 155, 7 Cal.Rptr.2d 801.)

II
Whether a dismissal under Penal Code section 995, subdivision (a)(1)(A)[3] terminates an action for purposes of section 170.6 is an issue of first impression. Paredes v. Superior Court (1999) 77 Cal. *133 App.4th 24, 91 Cal.Rptr.2d 350 provides guidance in resolving this issue. One of two defendants charged with murder timely moved to disqualify the trial judge and the cause was reassigned. Ultimately the prosecutor was unable to proceed and the case was dismissed pursuant to section 1382. Section 1382, subdivision (a)(2) provides in relevant part: "The court ... shall order the action dismissed.... In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment...." A new complaint was filed, bearing a new case number, and reassigned to the same judge to whom it had been previously assigned. Section 1387, subdivision (a) provides in relevant part: "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony or it is a misdemeanor charged together with a felony and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995...." After the reassignment, the second defendant moved to disqualify the judge. The trial court denied the motion on the ground that the refiled action was a continuation of the dismissed action.
After an extensive review of cases involving section 170.6, the appellate court held that two separate actions were involved and, therefore, the second defendant's challenge to the trial judge was timely. The court reasoned: "[A] rule that would treat the dismissed and refiled cases as one and the same case would make a mockery of the procedure permitted by Penal Code sections 1382 and 1387.... [¶] ... [¶] To prevent the mischief that would otherwise result, a `termination' pursuant to Penal Code section 1382, must be treated as a termination, not as a nit to be picked only when it serves the convenience of the prosecutor or the court.... We would, in effect, have created yet another judicial exception to ... sections 1382 and 1387. That is not our role." (Paredes v. Superior Court, supra, 77 Cal.App.4th at pp. 34-35, 91 Cal. Rptr.2d 350.)
The People contend Paredes is distinguishable because the order dismissing the indictment ordered the complaint to be refiled under the same case number (see § 997). Ziesmer remained in custody after the indictment was dismissed (see §§ 998, 1010), and Judge O'Neill decided contested issues of fact before the indictment was dismissed. These distinctions do not compel a different result. Paredes applies here because of one undeniable fact: the case was dismissed.
The People urge us to follow Anthony v. Superior Court (1980) 109 Cal.App.3d 346, 167 Cal.Rptr. 246. In Anthony, the appellate court held that the People's appeal of the dismissal of an indictment under section 995 was not an election of remedies by the state barring defendant's reindictment. The court said, "[A]n order setting aside an information does not `terminate' the action." (Anthony, at p. 357, 167 Cal.Rptr. 246.) As this statement is dictum, it has no precedential value. Moreover, Anthony and several other cases relied on by the People were decided before the 1981 amendments to section 1387 expressly designating dismissals under section 995 as terminations. (See Landrum v. Superior Court, supra, 30 Cal.3d at p. 5, 177 Cal. Rptr. 325, 634 P.2d 352.)
The People cite numerous cases holding that a peremptory challenge cannot be made in subsequent hearings that are a part or a continuation of the original proceedings. (See, e.g., Jacobs v. Superior Court (1959) 53 Cal.2d 187, 190, 1 Cal. *134 Rptr. 9, 347 P.2d 9.) The People argue that these cases apply because the dismissal of the indictment under section 995 was a mere technicality and did not terminate the action for purposes of section 170.6. These cases are not persuasive. They involve post-judgment proceedings so closely related to the initial case in which the merits had been decided that they are a continuation of the former proceeding. For example, "[i]n situations involving guardianship and custody orders subsequent proceedings to obtain changes in custody are continuations of the original proceeding to determine custody." (Jacobs, at p. 190, 1 Cal.Rptr. 9, 347 P.2d 9.)
The parties cite cases involving the question whether an improperly constituted grand jury voids an indictment. Ziesmer urges us to follow Bruner v. Superior Court (1891) 92 Cal. 239, 28 P. 341, which holds that an indictment is void if the grand jury issuing it is not formed as prescribed by statute. The People argue that we should follow Fitts v. Superior Court (1935) 4 Cal.2d 514, 51 P.2d 66, which distinguishes Bruner and limits its holding to its facts. These cases are inapposite because they concern whether irregularities in the formation of grand juries void indictments issued by those bodies. The People make no argument that the indictment was valid after being dismissed.
Our decision is consistent with that established rule of statutory construction that similar statutes should be construed in light of one another. (Long Beach Police Officers Assn. v. City of Long Beach (1988) 46 Cal.3d 736, 744, 250 Cal.Rptr. 869, 759 P.2d 504; National City v. Fritz (1949) 33 Cal.2d 635, 637, 204 P.2d 7.) Section 995, subdivision (a)(1)(A), like section 1382, pertains to dismissal of criminal cases. A dismissal under section 995, subdivision (a)(1)(A), like a section 1382 dismissal, is a termination for purposes of section 1387. (See, e.g., People v. Carreon (1997) 59 Cal.App.4th 804, 69 Cal.Rptr.2d 438; Bodner v. Superior Court (1996) 42 Cal.App.4th 1801, 50 Cal.Rptr.2d 236.) Section 1387 does not by its terms distinguish between types of dismissals: all dismissals made pursuant to the code sections specified are included, whether the dismissal was on the merits or for procedural deficiencies. (Casey v. Superior Court (1989) 207 Cal.App.3d 837, 842, 255 Cal. Rptr. 81; Lee v. Superior Court (1983) 142 Cal.App.3d 637, 640, 191 Cal.Rptr. 361.)
Our conclusion also is consistent with the established rule that section 170.6 should be liberally construed to effect its objects and to promote justice. (Hendershot v. Superior Court (1993) 20 Cal. App.4th 860, 865, 24 Cal.Rptr.2d 645; Nissan Motor Corp. v. Superior Court, supra, 6 Cal.App.4th at p. 154, 7 Cal.Rptr.2d 801.) When a statute is capable of more than one construction, or its provisions conflict, courts must attempt to harmonize and reconcile it in a manner that carries out the Legislature's intent. (Wells v. Marina City Properties, Inc. (1981) 29 Cal.3d 781, 788, 176 Cal.Rptr. 104, 632 P.2d 217.) At the same time, where a penal statute is ambiguous and susceptible to two reasonable interpretations, we must adopt the construction that is most favorable to defendant. (In re Christian S. (1994) 7 Cal.4th 768, 780, 30 Cal.Rptr.2d 33, 872 P.2d 574; see also Creutz v. Superior Court (1996) 49 Cal.App.4th 822, 831, 56 Cal.Rptr.2d 870 ["We reject any argument that all criminal statutes must be construed so as to permit the most efficacious prosecution of suspects. Especially in the case of the removal of a traditional protection against possible injustice, we think it better to adhere to the principle that criminal statutes are, in case of doubt, to be *135 construed favorably to the defendant"].) Our decision honors this principle.[4]
We hold that dismissal of a criminal action pursuant to section 995 terminates the action for purposes of section 170.6. Therefore we conclude that Ziesmer's challenge was timely.
Let a writ of mandate issue directing respondent court to vacate its order rejecting Ziesmer's section 170.6 challenge as untimely and to enter a new and different order accepting the challenge for filing as of October 4, 2002. The order to show cause is discharged.
We concur: YEGAN and PERREN, JJ.
NOTES
[1] Section 170.6, subdivision (2) permits a party or his attorney to challenge a judge for prejudice by written or oral motion made under penalty of perjury. If the challenge is timely, the judge must immediately transfer the action to the master calendar court for reassignment.
[2] Penal Code section 995, subdivision (a)(1)(A) states that an "indictment ... shall be set aside by the court in which the defendant is arraigned, upon his or her motion ... [w]here it is not found, endorsed, and presented as prescribed in this code."
[3] All further statutory references, other than section 170.6, are to the Penal Code.
[4] Our disposition makes it unnecessary to discuss the remainder of the People's arguments.