[No. B234097. Second Dist., Div. Three. Jan. 27, 2012.]

FIROUZEH GHAFFARPOUR et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
COMMERCE PLAZA HOTEL et al., Real Parties In Interest.

COUNSEL

Aroustamian & Associates, Ara Aroustamian, Varand Vartanian; Mazur & Mazur, Janice R. Mazur and William E. Mazur, Jr., for Petitioners.

Frederick R. Bennet for Respondent.

No appearance for Real Parties in Interest.

OPINION

**KITCHING, J.**—The issue before this court is whether a superior court local rule conflicts with Code of Civil Procedure section 170.6 (section 170.6). We conclude the local rule is void because it conflicts with the statute.

Section 170.6, subdivision (a)(2) states that when the Court of Appeal remands a case to the superior court and the trial judge in the prior proceeding is assigned to conduct a new trial on the matter, the party who filed the appeal may file a motion to disqualify the judge within 60 days of the date the party or the party's attorney "has been notified of the assignment." The local rule provides the time period for filing such a motion shall begin to run "from the date of issuance of the remittitur" by the Court of Appeal. We hold the time period to file a peremptory challenge pursuant to section 170.6, subdivision (a)(2) begins on the date of the notice of assignment and that the issuance of the remittitur does not provide notification.

## FACTS

Plaintiffs' complaint asserts assault and battery, intentional infliction of emotional distress and false imprisonment causes of action against defendants. The trial court sustained defendants' demurrer to the complaint on the grounds plaintiffs' various causes of action were barred by the statute of limitations. In so doing, the trial court assumed the complaint was filed on August 14, 2007, because the court's record showed the complaint had been filed on that date.

Plaintiffs filed a motion to correct the clerk's record. They argued that the complaint was actually filed by facsimile on June 11, 2007, and therefore the statute of limitations did not bar their causes of action. The trial court denied plaintiffs' motion to correct the clerk's record, as well as plaintiffs' motion

for reconsideration, and then entered judgment in favor of defendants. Judge Michael L. Stern signed the judgment.

Plaintiffs appealed. They argued the trial court abused its discretion in denying their request to have the record corrected. In June 2010, in an unpublished opinion (*Ghaffarpour v. Commerce Plaza Hotel* (June 22, 2010, B211251) [nonpub. opn.] (*Ghaffarpour I*)), we reversed the judgment. We stated in the opinion: "The trial court is directed to vacate its orders denying plaintiffs' motion to amend the clerk's record and motion for reconsideration, and hold further proceedings consistent with . . . this court's directive for reconsideration of the motion to amend the clerk's record."

On August 26, 2010, we issued a remittitur. The trial court, however, did not schedule a hearing for further proceedings as directed by this court.

On June 3, 2011, plaintiffs' counsel Varand Vartanian contacted the clerk of the presiding judge of Los Angeles County Superior Court to inquire about the case status. The clerk advised Vartanian that the matter would be reassigned to Judge Stern. According to Vartanian, "[t]his was the plaintiffs' first and only 'notification' of assignment since the issuance of the remittitur."

On June 10, 2011, plaintiffs filed a motion to disqualify Judge Stern pursuant to section 170.6. The trial court denied the motion on June 22, 2011. In its minute order denying the motion, the trial court stated the motion was untimely in light of the Superior Court of Los Angeles County, Local Rules, former rule 7.5(f) (Former Local Rule 7.5(f)).

Plaintiffs filed a petition for writ of mandate challenging the trial court's order dated June 22, 2011. We notified the parties we were considering granting the petition for writ of mandate (see *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232 [82 Cal.Rptr.2d 85, 970 P.2d 872]), on the grounds that "[i]nsofar as [Former Local Rule 7.5(f)] provides the time for filing a motion under section 170.6 after remand 'shall begin to run from the date of the issuance of the remittitur by the court of appeal' it is [in] direct conflict with section 170.6." We later issued an order to show cause why the relief requested in the petition for writ of mandate should or should not be granted. Respondent Los Angeles County Superior Court filed an opposition to the issuance of a peremptory writ of mandate in the first instance. Defendants, as real parties in interest, did not file any papers.

## DISCUSSION

### 1. *The Superior Court's Authority to Enact Local Rules*

■ The superior court is authorized to enact local rules. Government Code section 68070, subdivision (a) provides: "Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." Superior court local rules are prepared by the presiding judge with the assistance of appropriate committees of the court. If the majority of the judges of the court approves the rules, they are filed with the Judicial Council and the clerk of the court and become effective after a specified time period for public examination. (Code Civ. Proc., § 575.1; Gov. Code, § 68071.) Apart from this statutory authority, the superior court has the inherent supervisory and administrative powers to enact its own rules so long as they do not conflict with statutes, case law or the California Rules of Court. (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1351–1352 [63 Cal.Rptr.3d 483, 163 P.3d 160] (*Elkins*); *Motion Picture & Television Fund Hospital v. Superior Court* (2001) 88 Cal.App.4th 488, 492 [105 Cal.Rptr.2d 872] (*Motion Picture*).)

### 2. *Section 170.6, Subdivision (a)(2): Peremptory Challenge to a Judge After Remand*

■ The Legislature has enacted detailed statutory procedures regarding motions to disqualify judges. (Code Civ. Proc., § 170 et seq.) Any superior court rule in conflict with this statutory scheme is void. (*Elkins, supra*, 41 Cal.4th at p. 1352; *Motion Picture, supra*, 88 Cal.App.4th at p. 492.)

■ Section 170.6 permits a so-called peremptory challenge against a judge. (*The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1031 [22 Cal.Rptr.3d 885, 103 P.3d 283] (*Home Ins.*).) The statute "provides that no superior court judge shall try any civil or criminal action involving a contested issue of law or fact when it is established that the judge is prejudiced against any party or attorney appearing in the action (§ 170.6, subd. (a)(1).) Prejudice may be established by the party or attorney 'by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath' that the judge is prejudiced against the party or attorney 'so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial' before the judge. (§ 170.6, subd. (a)(2).)" (*Home Ins.*, at pp. 1031–1032.)

■ "Section 170.6 permits a party to obtain the disqualification of a judge for prejudice, based solely upon a sworn statement, without being required to establish prejudice as a matter of fact to the satisfaction of the

court." (*Home Ins., supra*, 34 Cal.4th at p. 1032.) "At the same time, section 170.6 is designed to prevent abuse by parties that merely seek to delay a trial or obtain a more favorable judicial forum. [Citations.] An important element of that design is the limitation, in any one action, of each party to a single motion, or each side to a single motion, should there be more than one plaintiff or defendant. (§ 170.6, subd. (a)(3)." (*Home Ins.*, at p. 1032.)

Section 170.6, subdivision (a)(2) states, inter alia, the following: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. . . . [T]he party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment."[1]

The provisions of section 170.6, subdivision (a)(2) relating to peremptory challenges to the trial judge after remand from the Court of Appeal were initially enacted pursuant to an amendment to the statute in 1985.[2] (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1249 [135 Cal.Rptr.2d 639, 70 P.3d 1054].) "Prior to the enactment of the 1985 amendment, a matter remanded by an appellate court for full or partial retrial was normally assigned to the same trial judge who heard the case at the trial level. This policy was based on the premise that the trial judge who presided over the first trial was familiar with the issues in the case and was in a better position to expeditiously resolve the matter pursuant to the appellate decision. [¶] The concern expressed by the proponents of the 1985 amendment was that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial." (*Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 575–576 [284 Cal.Rptr. 495].)

> 3. *Former Local Rule 7.5(f) Conflicts with Section 170.6, Subdivision (a)(2)*

Former Local Rule 7.5(f) provides: "Upon reversal of any decision of a trial court judge by the court of appeal, and remand to the trial court for

---

[1] Respondent does not dispute the opinion in *Ghaffarpour I* required a "new trial" within the meaning of section 170.6, subdivision (a)(2).

[2] This paragraph was amended again in 1998 (Stats. 1998, ch. 167, § 1, p. 932) and 2010 (Stats. 2010, ch. 131, § 1).

further proceedings, the case shall be returned to the last assigned judge. The time for filing any motion under Code of Civil Procedure section 170.6, after reversal and remand, shall begin to run from the date of issuance of the remittitur by the court of appeal."[3]

■ Former Local Rule 7.5(f) conflicts with section 170.6, subdivision (a)(2). The statute provides the time period to file a peremptory challenge upon remand begins to run on the date a party or a party's attorney has been notified the previous judge has been reassigned to conduct a new trial. The local rule provides the time period begins to run on the date of issuance of the remittitur.

The conflict between Former Local Rule 7.5(f) and section 170.6, subdivision (a)(2) is illustrated by the facts of this case. Under Former Local Rule 7.5(f), the 60-day time period to file a motion to disqualify began on August 26, 2010, when the remittitur was issued. Under section 170.6, subdivision (a)(2), the 60-day time period began on June 3, 2011, when plaintiffs' attorney was first notified the case would be reassigned to Judge Stern. (See *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860, 862–863 [24 Cal.Rptr.2d 645] (*Hendershot*) [party's attorney was notified of assignment when he inquired with the court; he was not previously "formally notified of the assignment"].) Because the trial court applied Former Local Rule 7.5(f), plaintiffs' motion was untimely. Had the trial court applied section 170.6, subdivision (a)(2), without reference to the local rule, plaintiffs' motion would have been timely.

Respondent argues Former Local Rule 7.5(f) and section 170.6, subdivision (a)(2) can be harmonized. According to respondent, section 170.6, subdivision (a)(2) does not specify the "mode" of notification. Respondent contends the parties and their attorneys are effectively (constructively) "notified" the previous judge will be reassigned the case as of the date of the remittitur because Former Local Rule 7.5(f) states "the case *shall* be returned to the last assigned judge." (Italics added.) We reject this argument.

■ The parties and their counsel cannot assume a case will be returned to the last assigned judge pursuant to Former Local Rule 7.5(f) because the

---

[3] Former Local Rule 7.5(f) was in effect at the time the trial court issued its June 22, 2010, order. Subsequently, the rule was renumbered and modified in a nonmaterial manner. The rule currently states: "Upon a reversal of a decision by an appellate court and remand to the trial court, the case shall be returned to the last assigned court. The 60 day period for filing any section 170.6 challenge after reversal and remand shall begin to run from the date of issuance of the remittitur by the appellate court." (Super. Ct. L.A. County, Local Rules, rule 2.5(c).)

presiding judge of the superior court has the discretion to override the local rule. Under the California Rules of Court, rules 10.603(b)(1) and 10.603(c)(1), the presiding judge has the authority and duty to reassign cases to different judges in appropriate circumstances. The presiding judge may do so for a variety of practical reasons. During the pendency of an appeal, for example, the last assigned judge may retire, pass away or become incapacitated due to illness, or new circumstances may arise which require the judge's recusal. Under all of these circumstances the presiding judge would be required to reassign the case upon remand.

California Rules of Court, rule 10.603(b)(2) provides that "[n]o local rule or policy may limit the authority of the presiding judge . . ." to reassign cases. In light of the presiding judge's discretion to reassign cases regardless of the local rules, Former Local Rule 7.5(f) must be interpreted as only a general policy of the superior court to return cases to the last assigned judge upon remand from the Court of Appeal. The parties and their counsel cannot be sure if this general policy will be followed in any particular case. Former Local Rule 7.5(f) therefore does not notify the parties of the assignment of the judge within the meaning of section 170.6, subdivision (a)(2).

We conclude the time to file a peremptory challenge pursuant to section 170.6, subdivision (a)(2) begins when the party who filed the appeal has been notified of the assignment,[4] and does not begin from the date of issuance of the remittitur by the Court of Appeal. To the extent Former Local Rule 7.5(f) conflicts with this conclusion, it is void.

Our conclusion is consistent "with the established rule that section 170.6, in guaranteeing a litigant the extraordinary right to disqualify a judge, should be liberally construed to effect its objects and to promote justice." (*Hendershot, supra,* 20 Cal.App.4th at p. 865; accord, *Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 366 [132 Cal.Rptr.2d 130].) We decline to adopt the narrow view proposed by respondent, which would permit a local rule to limit the time period in which a section 170.6, subdivision (a)(2) peremptory challenge can be asserted more restrictively than the statute itself.

---

[4] Where, as here, it is undisputed a party's attorney has actual notice of the assignment, the 60-day period of section 170.6, subdivision (a)(2) begins to run. (See *Cybermedia, Inc. v. Superior Court* (1999) 72 Cal.App.4th 910, 914 [82 Cal.Rptr.2d 126] [peremptory challenge filed three days after defendants received "actual notice of the assignment" was timely].) We need not, however, delineate in this opinion each and every means by which a party or a party's attorney is notified about the assignment of the judge after remand. Suffice it to say that Former Local Rule 7.5(f) does not, by itself, provide a basis for finding that notification has been accomplished.

## DISPOSITION

Let a writ of mandate issue directing the trial court to vacate the order dated June 22, 2011. In the interests of justice, each party shall bear their own costs related to the petition.

Klein, P. J., and Croskey, J., concurred.