Filed 1/17/23 Healy v. Donnelly CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KEVIN HEALY, as Co-trustee, etc.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MAUREEN A. DONNELLY, as Co-trustee, etc.,<br><br>    Respondent and Appellant. | G060968, G060971 & G061052<br><br>(Super. Ct. No. 30-2018-01022563)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Kim R. Hubbard, Judge. Affirmed.

Ross Law Group and Mark A. Ross for Plaintiff and Appellant.

Muscarella & Assoc., Fred G. Muscarella and Barron E. Ramos for Respondent and Appellant.

\*        \*        \*

After years of litigation, the parties settled this contentious probate matter, reserving, as relevant here, the issue of attorney fees and costs for the court. After another year of litigation, the court ultimately issued orders. Cotrustee Kevin P. Healy sought $116,097.90 in attorney fees and $6,697.89 in costs, and he was awarded $49,492.50 in attorney fees. Cotrustee Maureen A. Donnelly sought $211,471.25 in attorney fees and $9,256.90 in costs, and the court awarded the requested amounts.

Each party appeals. Healy appeals the amount awarded to him and the fact that Donnelly received any award at all, as well as the amount of her award. Donnelly appeals Healy's award.

After careful review of the parties' arguments and the voluminous record, we conclude that given the court's broad equitable powers, the reduction from the amount Healy sought to the amount actually awarded was supported by substantial evidence. Further, we find that as a matter of law, Donnelly was entitled to fees and costs, and the court did not abuse its discretion in awarding the amount she sought. Accordingly, we affirm both orders.

I

FACTS

In order to prevent this opinion from becoming as sprawling as the underlying litigation, we endeavor to keep the facts to the bare minimum necessary.

*Background*

In December 2000, Robert N. Williams and Betty Jean Williams[1] (collectively the settlors) created the Williams Family Trust (the Family Trust), naming themselves as cotrustees and lifetime beneficiaries. The settlors executed several

---

[1] For the ease of the reader, we refer to Robert and Betty by their first names. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475-476, fn. 1.)

2

amendments to the Family Trust during their lifetimes. Donnelly was Betty's child by a prior marriage; Healy was Robert's stepson by a previous marriage.

Betty died in December 2012. The Family Trust was divided between a Survivor's Trust (Trust A) and a Decedent's Trust (Trust B). In August 2013, Robert allocated assets from the Family Trust to Trusts A and B. He also designated himself and Healy as cotrustees of Trust B, and in the event that either of them could not serve, designated Donnelly as cotrustee.

Robert died in March 2018, leaving Healy as sole trustee of Trust A, and Healy and Donnelly as cotrustees of Trust B. Donnelly was also the primary beneficiary of Trust B, and Healy and his sister, Ann Marie Garisek, were the beneficiaries of Trust A after a number of charitable bequests were distributed.

It did not take long for disputes to arise between Healy and Donnelly, and from 2018 until March 2021, the parties engaged in contested litigation. According to Healy, Donnelly was hostile toward him and his deceased stepfather Robert. According to Donnelly, her hostility arose from Healy's refusal of an accounting and his request that she sign a full release of claims against him in exchange for resigning as cotrustee. Donnelly argued that as of March 2018, Trust B was valued at approximately $340,000, while in 2015 its value had been estimated as $627,893.40. Trust A grew in value from roughly $600,000 to over $1 million. Later, Donnelly stated in a declaration that she had learned that Trust B's assets were being kept in an account at Northwestern Mutual, where Healy was employed as a financial advisor. She believed this was a conflict of interest.

In September, Healy filed a petition to remove Donnelly as cotrustee and approve his accounting, and sought trustee fees as to Trust B. Donnelly objected to and opposed the petition. In June 2019, she filed a cross-petition alleging breach of trust, breach of fiduciary duty, removal, review of asset allocation and surcharge, which was

3

followed by a first amended petition, adding a request to compel a full accounting from the date of the trust's funding to the date of the petition. Healy opposed.

Numerous motions to the court followed. Among other things, Healy filed a demurrer, motion to strike, two summary judgment motions, and a motion to quash, all of which were denied. Donnelly's motion to compel an accounting prior to trial was also denied.

*Settlement*

In March 2021, four days before the matter was scheduled for trial, the parties settled the case. Within 10 days of the settlement, the parties agreed to execute instructions to distribute the remaining $239,759.66, less a $1,000 reserve, to Donnelly. Further, Healy agreed to pay Donnelly $259,240.34 to equalize Donnelly's payment to $500,000.

As to attorney fees, costs, and trustee fees, the parties agree to reserve their rights to claim such fees in appropriate motions to the court, with neither party's trustee fees to exceed $16,000. In other respects, the parties' respective petitions were to be dismissed. The settlement included a general release and a waiver of Civil Code section 1542.

*Attorney Fee Motions and Award*

Donnelly sought $211,471.25 in attorney fees and $9,256.90 in costs plus $16,000 in trustee fees. Healy's motion requested $116,097.90 in attorney fees, $6,697.89 in costs, and $16,000 in trustee fees. Each opposed the other party's requests.

Some issues followed that led to motions for reconsideration by both parties, which were granted. Ultimately, the court granted $49,492.50 in attorney fees to Healy, plus $16,000 in trustee fees, jointly and severally against Donnelly and Trust B.

4

Donnelly requested a statement of decision as to the fee order regarding Healy. The court denied the request.[2]

As to Donnelly, the court granted $211,471.25 in attorney fees and $9,256.90 in costs against Healy both individually and as trustee. Both parties appeal.

II

DISCUSSION

We have before us both an appeal by Healy and a cross-appeal by Donnelly. Healy appeals the attorney fee award granted to him, the lack of a costs award in his favor, and the award granted to Donnelly. Donnelly appeals the award granted to Healy, arguing that he should not have recovered any fees at all.

*Standard of Review*

The parties agree that the *amount* of any attorney fee award is a matter left to the trial court's discretion, and should not be disturbed unless it results from an abuse of that discretion. We agree. (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

If there is a question regarding the legal basis for an attorney fee award, our review is de novo. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.) Under the de novo standard, we exercise our independent judgment and give no deference to the trial court's ruling. (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363.)

We review any questions of fact for substantial evidence. "In applying this standard of review, we 'view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its

---

[2] Neither party appeals this order.

5

favor . . . .'" (*Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1096.) "Substantial evidence is evidence of ponderable legal significance, reasonable, credible and of solid value." (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1100.) "A single witness's testimony may constitute substantial evidence to support a finding. [Citation.] It is not our role as a reviewing court to reweigh the evidence or to assess witness credibility." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) A trial court's finding of bad faith by a trustee is among the factual findings that are reviewed for substantial evidence. (*Powell v. Tagami* (2018) 26 Cal.App.5th 219, 231.)

*Attorney Fee Award to Healy – Healy's Claims*

We begin, as always, with the fundamental tenet that an "'order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) Under the doctrine of implied findings, which stems from the requirement that we presume the lower court's order is correct, "the appellate court is required to infer that the trial court made all factual findings necessary to support the order or judgment." (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1271.)

Healy asserts that the court committed "judicial error" by not awarding him all of the attorney fees he sought. He cites a provision of the Family Trust, which empowers the trustee to take or defend any legal proceeding concerning the trust and to represent the trust's interests, and a separate provision entitling an individual trustee to "reimbursement for costs and expenses." He also cites Probate Code section 16247,[3]

---

[3] Subsequent statutory references are to the Probate Code unless otherwise indicated.

6

which provides trustees with the authority to hire attorneys and other advisors to assist in the performance of their duties. Healy also refers to section 16080, which requires trustees to exercise their discretionary powers reasonably,[4] and various cases which state that where the trustee has discretion, the court must find a degree of abuse of discretion or bad faith before it will interfere.

"Bad faith" means the action or tactic is being pursued for an improper motive. Because this involves a subjective state of mind, it is rarely subject to direct proof, and must instead be inferred through circumstantial evidence. (*Powell v. Tagami*, *supra*, 26 Cal.App.5th at p. 234.)

Healy claims "he went to great lengths to provide DONNELLY access to the experts involved in administration of the TRUST such as the CPA, the wealth advisors, and management at [a condominium owned by Trust B]. HEALY also provided DONNELLY with all the information she requested, including over 1,000 pages of financial records." He asserts that when Donnelly stopped communicating with him, his attorney attempted to get her to fulfill her duties by contacting her attorney, but was unable to do so up until the hearing on his motion to suspend her as cotrustee. At that point, he claims, Donnelly cooperated. Healy contends he always believed that all the fees he incurred "were necessary and proper in order to fulfill his fiduciary duties to administer TRUST B by either attempting to remove and suspend his uncooperative co-trustee or compelling DONNELLY to perform her fiduciary duties." He argues it was the pressure brought by his motion that motivated her to do so, and without the removal

---

[4] Healy cites *Estate of Nicholas* (1986) 177 Cal.App.3d 1071, 1085 (the most recent case upon which he relies), for the principle that discretionary actions of a trustee "are not subject to judicial review absent a showing of an abuse of discretion or actions in bad faith." That is not the holding of *Estate of Nicholas*. The procedural posture of that case involved a petition for instructions from the trustee, which was granted. (*Id.* at p. 1079.) Discussing the burden of proof, the court held that "a trustee petitioning for instructions as to the exercise of a discretionary power has the burden of proving the exercise will be reasonable." (*Id.* at p. 1087.)

petition, "there is no telling how much longer DONNELLY would have continued to ignore her fiduciary duties in administering the Trust. Therefore, in exercising his discretion to bring legal action against his co-trustee, DONNELLY, HEALY was reasonably acting in the best interest to protect TRUST B, as well as to carry out the intentions of the SETTLORS regarding the trust."[5] In sum, he argues that because he was acting in good faith, the court abused its discretion in awarding him $49,492.50 rather than the $116,097.90 he requested.

We keep in mind that when reviewing for substantial evidence, we are looking for evidence, contradicted or uncontradicted, to support the court's ruling. (*Oregel v. American Isuzu Motors, Inc.*, *supra*, 90 Cal.App.4th at p. 1100.) We are not reviewing the evidence to see if another conclusion might be reached if the evidence is viewed differently. To do so turns the substantial evidence standard of review on its head.

Donnelly's opposition to Healy's fee request, both in this court and below, focuses on Healy's conduct during the litigation. Donnelly's position is that Healy caused the litigation through his own misconduct. We agree that Healy's conduct in this litigation provided substantial evidence to support the court's implied findings that Healy was not entitled to the full amount of fees he requested.

In his petition to remove Donnelly as cotrustee, filed in September 2018, Healy stated that he "never served as Co-trustee during [Robert's] lifetime," and accordingly, could not account for that period of time. This claim that he was never cotrustee during Robert's life was false and contradicted by an August 7, 2013

---

[5] Healy further contends his "good faith actions" were supported by the powers that he and Robert had as cotrustees to make distributions to Robert during his lifetime. We need not address the point any about distributions any further. Given that the case ultimately settled, it would be inappropriate to delve into the substance of matters such as distributions during Robert's lifetime. The factual record, including the lack of any trial court findings, is simply not sufficiently developed for this court to opine on such matters.

8

designation naming Healy as cotrustee. This designation was executed by Robert and signed by Healy as "accepted."

Not only was he a cotrustee in name, but there was evidence of his active participation in the management of Trust B, including a 2015 signed certification naming him as cotrustee and authorizing each cotrustee to act individually as to certain trust accounts. In 2015, he also signed an Investment Policy Statement for one or more of the trust's accounts, and in 2016, he signed ACH authorization agreements on the trust's behalf. In 2017, Healy and Robert cosigned a letter authorizing a distribution to Robert from Trust B. There was evidence from witnesses, including Healy's own attorney, that Healy had been present with Robert for numerous meetings about the administration of the trust. There was more than substantial evidence that Healy's claims about his role in Trust B were in bad faith.

Healy's refusal to provide Donnelly with a *complete* accounting could also reasonably be construed as bad faith. Healy claims he incurred more than $74,000 in fees after Donnelly did not accept his "offer" to account, but that "offer" was made in June 2020, nearly two years after Healy filed his petition. Further, that offer came with strings attached, including a payment of $10,000 by Donnelly.

There was evidence that Healy was using his petition to attempt to leverage Donnelly into releasing any claims against him. In June 2018, Healy's counsel had sent an e-mail to Donnelly's attorney following up a prior request to agree to Healy's resignation as cotrustee "with a full release." The letter concluded: "[T]he longer this goes on, [the] more the trustee and attorney's fees will be incurred." Further, Healy did not agree to provide an accounting without strings attached until March 8, 2021, when the trial was scheduled for March 16. We reject as unsupported Healy's claim that he was working in the trust's best interests to effectuate the settlors' intent.

In addition, as previously mentioned, Healy buried the court in paper throughout the pendency of this case, including two voluminous and substantially similar

9

motions for summary judgment, both of which were denied. Taken together, Healy's refusal to provide an accounting, his denial of indisputable facts, and his litigation tactics could certainly lead the court to find that he was acting in bad faith and without reasonable cause. The trial court's decision to reduce Healy's fee award by approximately 60 percent was, under the doctrine of implied findings, supported by substantial evidence.

*Attorney Award to Healy – Donnelly's Claims[6]*

Donnelly claims that Healy was entitled to no attorney fee award whatsoever. This contention is primarily based on a prevailing party theory. (Code Civ. Proc., § 1033.5.) But she neglects to discuss that in addition to a purely statutory framework, courts have equitable power over trust administration, including the award of fees. "Even apart from the statutory authority, the probate court is a court of general jurisdiction [citation] with broad equitable powers." (*Estate of Kraus* (2010) 184 Cal.App.4th 103, 114.) "The probate court may apply general equitable principles in fashioning remedies and granting relief." (*Ibid.*)

Accordingly, based on our discussion of the facts above, we find there was substantial evidence from which the trial court could conclude that Healy was entitled, as an equitable manner, to $49,492.50 in fees, but no more.

---

[6] To the extent Healy claims Donnelly cannot appeal the award of fees to him because she appealed from a minute order, "not a formal order," that contention is rejected. (Cal. Rules of Court, rule 8.104(d).)

Further, Healy argues that we should strike Donnelly's brief for failure to properly cite to the record. He complains that she cites only to the page number of the Joint Appendix, omitting the volume number. We do not find this to be sufficient grounds to strike the brief. (Cal. Rules of Court, rule 8.204(e)(2)(C); cf. *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 [brief included no record references at all].) He also, ironically, claims that "virtually all of DONNELLY'S alleged factual references are without any citation to the record," without providing a single reference to this purported failure in Donnelly's brief. This contention is rejected.

*Healy's Costs*

Healy also contends he was entitled to $6,697.89 in costs. Because of administrative error, the court ruled on Healy's fee and cost request twice. In its first order, the court ordered Healy's attorney to resubmit his cost statement, deducting amounts for in-house copying and for postage, which the court considered to be part of counsel's hourly rate. Healy's attorney submitted a revised request seeking $6,359.20. When the court issued its final order granting Healy $49,492.50 in fees and $16,000 in trustee fees, the paragraph on costs was scratched out and initialed by the judge.

In his opening brief, Healy contends he is entitled to the original amount requested, $6,697.89. In his reply brief, he requests $6,359.20. He includes no legal argument separate from his attorney fee contentions. The entirety of his legal argument on this point in his opening brief is as follows: "Since an award of cost reimbursement is authorized by law and is consistent with the granting of a fee award, coupled with the fact that the trial Court first indicated that an award of costs would be forthcoming, the trial Court abused its discretion by not awarding HEALY reimbursement of any costs. Therefore, the Court should reverse the trial Court's order denying HEALY reimbursement of his reasonable costs incurred, and remand the matter back to the trial Court for further consideration."

First, the trial court did not "indicate[] that an award of costs would be forthcoming." The minute order simply ordered counsel to resubmit the cost statement with the requested deductions. Second, Healy does not offer any legal argument as to why a cost award is mandatory when a partial fee award is granted on an equitable basis. "'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.'" (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522; see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865.) Healy has waived this argument, and further, he has failed to

11

carry his burden to demonstrate error. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

*Award to Donnelly*

Healy claims that Donnelly was not entitled to any attorney fees or costs, and even if she was, she was not entitled to an award against him personally. Donnelly argues the court's award of the amount she sought was proper and should be affirmed.

We begin with the Probate Code. Section 17211, subdivision (b), states: "If a beneficiary contests the trustee's account and the court determines that the trustee's opposition to the contest was without reasonable cause and in bad faith, the court may award the contestant the costs of the contestant and other expenses and costs of litigation, including attorney's fees, incurred to contest the account. The amount awarded shall be a charge against the compensation or other interest of the trustee in the trust. The trustee shall be personally liable and on the bond, if any, for any amount that remains unsatisfied."

As the court held in *Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1597 (*Leader*), section 17211, subdivision (b), "is a remedial statute: it is intended to protect beneficiaries who contest trustees' accounts from liability for attorney fees incurred as a result of trustees' unreasonable and bad faith oppositions." Accordingly, the statute must be construed to effect its purpose. (*Leader*, at p. 1598.) "Under . . . section 11001, '[a]ll matters relating to an account may be contested for cause shown. . . .' This statute applies to the administration of probate estates, but it supports a liberal interpretation of section 17211, subdivision (b), since this statute is patterned after section 11003, which pertains to probate estates." (*Ibid.*) Like the petition in *Leader*, which was "'based upon the theory of breach of trust,'" Donnelly's petition "is a matter 'relating to an account.'" (*Id.* at pp. 1595, 1598.)

12

Healy argues that "the mere act of petitioning to compel an account should not fall within the breadth of the *Leader* finding since neither . . . section 17211 nor any other of the vast number of sections of the Probate Code pertaining to trust accountings impose attorney fees in connection with compelling an accounting" but we disagree. Indeed, the entire gravamen of Donnelly's case was seeking an accounting of Trust B from Healy, who, despite his assertions to the contrary, had been cotrustee since 2013. Her claims were certainly "a matter 'relating to an account.'" (*Leader*, *supra*, 182 Cal.App.4th at p. 1598.) Accordingly, we find this case within the scope of *Leader* and section 17211, subdivision (b).

Healy implies the trial court must make an express finding as to bad faith, but points to no authority saying so. Because of the lack of a detailed statement of the court's reasons, we rely on the doctrine of implied findings.

Given the facts summarized above, we have no difficulty finding substantial evidence of Healy's bad faith in denying Donnelly an accounting of Trust B. Had he done so at the beginning, this entire case could have been avoided. As a remainder beneficiary of Trust B between 2013 and Robert's death, Donnelly was entitled to seek an order compelling the trustee to account. (*Esslinger v. Cummins* (2006) 144 Cal.App.4th 517, 525; §§ 16061, 17200, subd. (b)(7).) Healy claims that he provided "voluminous records," but that is hardly persuasive evidence of a lack of bad faith. Indeed, burying the other party in paper to disguise malfeasance is an all-too-frequent litigation tactic. What he did not provide, and never agreed to provide unconditionally until four days before trial, was an accounting. Donnelly was not, despite Healy's arguments to the contrary, required to produce evidence of wrongdoing. To justify an award of attorney fees under section 17211, subdivision (b), Donnelly had to demonstrate to the trial court that Healy's refusal to provide an accounting "'was without reasonable

13

cause and in bad faith.'" Given the evidence of Healy's conduct, the court could certainly have made this finding, and we find it is supported by substantial evidence.[7]

*Recovery of Fees Against Healy*

In a half-page argument in his opening brief, Healy argues that he cannot be required to pay Donnelly's attorney fees personally. He asserts attorney fees are "costs of administration to be paid out of the trust, not personally by any trustee or beneficiary." While stating Donnelly "is certainly free to pay her attorney's fees out of her residuary interest in TRUST B" he claims she cannot recover them against him personally. Given the lack of a supporting legal argument and citations, we need not consider this contention further.[8] (*McComber v. Wells*, *supra*, 72 Cal.App.4th at p. 522.)

*Amount of Donnelly's Fees*[9]

Healy next contends that the amount of Donnelly's fees were unreasonable. As mentioned above, the amount of fees is within the court's sound discretion and will

---

[7] Healy offers a one-paragraph argument in his opening brief that even if section 17211 applied, Donnelly's entire claim cannot be considered a "'contest to the trustee's account,'" and therefore, her fee request should have been segregated. He does not cite to any part of the record indicating that he raised this issue below. For that reason, and the lack of legal argument for this point, we need not consider it further. (*McComber v. Wells*, *supra*, 72 Cal.App.4th at p. 522; *14859 Moorpark Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal.App.4th 1396, 1403, fn. 1.)

[8] Were we to do so, we would start with the relevant provision of section 17211, subdivision (b): "The amount awarded shall be a charge against the compensation or other interest of the trustee in the trust. The trustee shall be personally liable and on the bond, if any, for any amount that remains unsatisfied."

[9] Given that Donnelly was entitled to fees under the Probate Code, we need not consider the parties' alternative arguments that she was or was not entitled to fees under various other theories.

14

not be disturbed unless the amount awarded constitutes an abuse of discretion. (See *PLCM Group v. Drexler*, *supra*, 22 Cal.4th at p. 1095.)

Healy first contends that we should give no credibility to the declaration of Grant D. Stiefel, a consultant who offered an expert opinion on Donnelly's fee request. It is not for this court to credit or not credit certain evidence; it was up to the trial court. As we have no indication whether the trial court did or did not give Stiefel's declaration any weight, there is no purpose in discussing it here. Nothing Healy cites indicates that giving the declaration weight constitutes reversible error as a matter of law.

Healy's next argument on this point boils down to the fact that his fee request was for fewer hours over a longer period of time. Thus, the "vast differences on their face show that DONNELLY's attorneys' fees are excessive and unreasonable. The trial Court clearly abused its discretion in awarding these excessive and unreasonable fees." Healy offers no legal support for the argument that one party's fee request exceeding the other party's request renders the first party's request per se unreasonable. Accordingly, we need consider it no further.

Healy also contends that the court abused its discretion by awarding $3,906.25 in paralegal services, claiming the request was not supported by a declaration under rule 7.703(e) of the California Rules of Court. That rule, however, applies only to "extraordinary services" and he makes no argument as to why it should apply here. Donnelly's attorney fee request does not seek additional compensation for "extraordinary services." Further, Donnelly's attorney's declaration stated the amount of paralegal time spent under oath, and we find this declaration constitutes substantial evidence as to the fees incurred.

Finally, Healy argues that the attorney fees Donnelly incurred after Healy "offered to account" in June 2020 were unreasonable. This was one of the "offers" that included strings attached – in this instance, a $10,000 payment from Trust B. The trial court had this information for its consideration, and rejected it. Because Healy was not

15

offering Donnelly the relief she sought without requiring payment from Trust B, we find the court's implied finding that this "offer" was unreasonable supported by substantial evidence.

*Donnelly's Motion for Reconsideration*

Healy also argues that the court should not have granted Donnelly's motion for reconsideration because there were no new facts, circumstances, or law under Code of Civil Procedure section 1008. The new "circumstances" were that the court neglected to consider the timely filed evidence supporting Donnelly's fee request as a result of administrative error, as the court set forth in its order. Donnelly's request was filed under both Code of Civil Procedure sections 1008 and 473, subdivision (b). Whether viewed as relief from mistake (which Healy does not mention), or reconsideration is not important – what is important was that the court chose to consider all of the evidence and provide Donnelly with a full and fair hearing.[10] Doing so was appropriate under the circumstances, and we reject Healy's claim that Donnelly was seeking "appellate review" from the trial court, which had not originally considered all of the evidence.

---

[10] Healy urges this court, in opposing Donnelly's opportunity to be fully and fairly heard on her fee motion, to examine language in different drafts of the fully integrated settlement agreement. We fail to see what this has to do with relief from an administrative error, and decline to do so.

III

DISPOSITION

The orders awarding attorney fees and costs are affirmed. Donnelly is entitled to her costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.