Filed 8/3/20

# CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re M.P. et al., Persons Coming Under the Juvenile Court Law. | No. B306181 <br><br> (Los Angeles County Super. Ct. No. 18CCJP08047A–B) |
| D.P. et al., <br><br>     Petitioners, <br><br>     v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br>     Respondent, <br><br> THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>     Real Party in Interest. | |

    ORIGINAL PROCEEDING; petition for writ of mandate. Emma Castro, Commissioner.  Granted.

1

Law Office of Jolene Metzger and Jason Steinberg for Petitioner D.P.

Law Office of Thomas Hayes and Sue P. Dell for Petitioner A.P.

Children's Law Center of California and Michael T. Ono for Petitioner Am.P.

Children's Law Center of California and Stacie Hendrix for Petitioner M.P.

Mary C. Wickham, County Counsel, and Peter A. Ferrera, Principal Deputy County Counsel, for Petitioner and Real Party in Interest.

Clyde & Co US and Douglas J. Collodel for Respondent.

---

## I.    INTRODUCTION

In response to the COVID-19 global pandemic, the Governor of California and the Chief Justice of the California Supreme Court issued a series of orders that permit the extension of time within which certain hearings must occur. Here, petitioner, D.P. (father), joined by A.P. (mother), M.P. and Am.P. (children), and the Los Angeles County Department of Children and Family Services (Department) contend the juvenile court erred in continuing a hearing six months beyond the time period allowed by statute as modified by emergency order. We agree and grant the petition.

2

## II. FACTUAL AND PROCEDURAL HISTORY

The juvenile court declared the children dependents of the court under Welfare and Institutions Code section 300.[1]  Initially, the court removed the children from parental custody.  On October 9, 2019, however, the court ordered the children released to mother with monitored visitation by father.  On November 14, 2019, as required by section 364, the court set a review hearing for six months later, on May 14, 2020, in order for the court to determine whether continued jurisdiction was necessary.  As of April 28, 2020, the children remained with their mother and, according to the Department, were doing well.  The Department recommended "that jurisdiction be terminated with Family Law Order in place," and that the court grant joint legal custody to the parents, primary physical custody to mother, and monitored visitation by father.  Because the juvenile court was operating in a very limited capacity at the time, the May 14, 2020, hearing was continued to a later date.

On March 4, 2020, due to the outbreak of the COVID-19 virus, Governor Gavin Newsom declared a state of emergency.[2]  On March 11, 2020, the World Health Organization declared

---

[1]     Statutory citations are to the Welfare and Institutions Code except where otherwise stated.

[2]     Executive Department State of California Proclamation of a State of Emergency <https://www.gov.ca.gov/wp-content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf> [as of Jul. 30, 2020], archived at <https://perma.cc/W85V-VLNF>.

COVID-19 a pandemic.[3]  On March 19, 2020, Governor Newsom issued an executive order directing all Californians not providing essential services to stay at home.[4]  The order did not close the courts, which are considered an essential service.

Kevin C. Brazile, Presiding Judge of the Superior Court for the County of Los Angeles, issued a general order on March 17, 2020, providing that all courtrooms would remain closed for judicial business beginning March 20, 2020, with the exception of specified "time-sensitive, essential functions." "Time-sensitive, essential functions" included juvenile arraignment and detention hearings, but not section 364 review hearings.  The order also provided:  "**NOTICE IS HEREBY GIVEN THAT ALL OTHER MATTERS WILL BE CONTINUED BY THE COURT.**"[5]

---

[3]  WHO Director-General's opening remarks at the media briefing on COVID-19 — 11 March 2020 <https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020> [as of Jul. 30, 2020], archived at <https://perma.cc/HB3P-Y3ZU>.

[4]  Executive Department State of California Executive Order N-33-20 <https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-attested-EO-N-33-20-COVID-19-HEALTH-ORDER.pdf> [as of Jul. 30, 2020], archived at <https://perma.cc/4BQN-4MR7>.

[5]  Our record includes two different versions of this order. One states that "ALL OTHER MATTERS WILL BE CONTINUED" and another states that "ALL OTHER MATTERS

In a statewide order issued on March 23, 2020, Chief Justice Tani G. Cantil-Sakauye recognized that the COVID-19 virus would severely impact the state courts' operations.[6] Thus, pursuant to her authority under the California Constitution, article VI, section 6, and Government Code section 68115, the Chief Justice issued a statewide order that authorized superior courts to adopt proposed rules or rule amendments to address the impact of the COVID-19 pandemic to take effect immediately, without advance circulation for 45 days of public comment.

On March 27, 2020, Governor Newsom issued an executive order acknowledging that "the Judicial Branch retains extensive authority, statutory and otherwise, to manage its own operations as it deems appropriate to mitigate the impacts of COVID-19." (Exec. Ord. No. N-38-20.)[7] "The order suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency

_____

HAVE BEEN CONTINUED." That distinction is not material for purposes of this opinion.

[6] Judicial Council of California Statewide Order <https://newsroom.courts.ca.gov/internal_redirect/cms.ipressroom.com.s3.amazonaws.com/262/files/20202/Statewide%20Order%20by%20the%20Chief%20Justice-Chair%20of%20the%20Judicial%20Council%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.pdf> [as of Jul. 30, 2020], archived at <https://perma.cc/UF9V-2X58>.

[7] Executive Department State of California Executive Order N-38-20 <https://www.gov.ca.gov/wp-content/uploads/2020/03/3.27.20-N-38-20.pdf> [as of Jul. 30, 2020], archived at <https://perma.cc/8L2Q-7J7Y>.

orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt." (*Stanley v. Superior Court* (2020) 50 Cal.App.5th 164, 167–168.)

Acting on that authority, on April 6, 2020, the Judicial Council issued emergency rules. Emergency rule 6 addresses juvenile dependency proceedings and provides that "[a] court may hold any proceeding under this rule via remote technology consistent with [California Rules of Court,] rule 5.531 and [E]mergency rule 3 [which permits courts to 'require that judicial proceedings and court operations be conducted remotely']." It further provides, with exceptions not applicable here: "If a court hearing cannot occur either in the courthouse or remotely, the hearing may be continued up to 60 days . . . ." (Emergency rule 6(c)(6).) The rule remains in effect "until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council." (Emergency rule 6(d).) The Governor has not declared the state of emergency lifted and Emergency rule 6 has not been amended or repealed. Emergency rule 6(c)(6) authorized the juvenile court to continue the May 14, 2020, hearing at issue to not later than July 13, 2020. As discussed below, the court continued the hearing to a date more than six months beyond July 13, 2020.

On April 9, 2020, Victor H. Greenberg, Presiding Judge of the juvenile courts in Los Angeles County, issued a memorandum to juvenile court dependency judges discussing dependency cases and continuances. Judge Greenberg explained that in order to "protect the health and safety of litigants, attorneys, justice partners, staff and the bench," Judge Brazile had extended existing operational limits until an anticipated reopening date of

6

June 22, 2020.  Because the court would continue to perform only essential functions until reopening, it was necessary to calendar nonessential matters for a date beyond June 22.  Judge Greenberg recognized that "given the likelihood that strict social distancing guidelines will continue to be necessary, as well as the backlogs created during our period of limited operations, it is not feasible to expect an immediate return to normal operations.  In addition, while the juvenile courts were fortunate to move quickly to remote hearing capability, the capacity of the court to expand development, support, and implementation of such services is limited by available resources."

Judge Greenberg further explained efforts to prioritize dependency cases:  "Beyond [e]ssential [h]earings, we have endeavored to prioritize hearings in which the court makes factual determinations regarding allegations of illegal activity, abuse and neglect, in order to provide for due process and the safety of youth, children and our communities.  We have further focused upon those hearings where release from detention, return home, or the establishment of a permanent plan is under consideration.  In making these decisions, we have necessarily been forced to deem situations in which youth and children are stable and not at risk as less urgent, and to rely to a greater degree upon our justice partners to provide proper care, supervision, oversight, and identification of emergent issues."  Judge Greenberg directed juvenile judicial officers to continue immediately all non-essential matters calendared before June 22, 2020, in accordance with a prioritization schedule set forth in the memorandum.  That schedule set priorities by the type of statutory hearing to be held, which bore only a rough approximation to the urgency of any concerns with a child's

welfare in a particular case.  Judge Greenberg also advised that "[i]f you have a particular Non-Essential hearing that you believe must be heard outside the Prioritization Schedule, you must receive approval from [one of three supervising judges]."

On April 14, 2020, Judge Greenberg modified the prioritization schedule.  In a further memorandum to dependency judicial officers, Judge Greenberg estimated that, despite efforts to hear essential matters remotely, more than 30,000 hearings would have to be continued prior to the anticipated June 22 reopening of the juvenile court.  He anticipated "additional potential backlogs after June 22 as we reopen to the extent social distancing allows."  With respect to section 364 review hearings, Judge Greenberg directed they be continued to a date within 220 to 270 days after the expected June 22 reopening.

Consistent with Judge Greenberg's directive, on April 29, 2020, Commissioner Emma Castro held a nonappearance progress report hearing and continued the May 14, 2020, hearing in this case for 220 days, more than eight months, to January 28, 2021.  The minute order states:  "Given the recently declared national state of emergency related to the COVID[-]19 pandemic, and the directives from Governor Newsom, health officials and court leadership, matters are to be continued.  Good cause existing, this matter is continued to [the] date, and time indicated [below]."  There is no evidence any party had an opportunity to object.  This is the order challenged in this writ proceeding.

8

In June 2020, the Judicial Council's Pandemic Continuity of Operations Working Group issued a Resource Guide (Guide).[8] The Guide provides guidance to courts on case management "as they continue to hear essential matters and expand operations to include additional judicial proceedings." (Guide, p. 56, italics omitted.) With respect to physical resources, the Guide advises: "Assess the availability of physical facility resources, staff resources, financial resources, and judicial resources to ensure that proceedings meet required constitutional and statutory standards as well as health and safety requirements." (*Id.* at p. 58.) Concerning caseload, the Guide suggests that courts identify criteria for prioritizing cases and develop backlog processing criteria including: "[p]rioritizing cases that had existing dates scheduled," "[a]ssessing cases that are sensitive in nature and require immediate attention," "[e]valuating cases that could not be absorbed into existing calendars," "[c]reating an 'exceptions list' for cases that require immediate attention," and "[d]rafting orders to support backlog processing decisions." (*Ibid.*) With respect to rescheduling cases, the Guide suggests that courts "[e]stablish a realistic time schedule for setting proceedings that will reduce further continuance setting and continuance-related postage and other costs." (*Ibid.*)

---

[8] Judicial Council Pandemic Continuity of Operations Resource Guide <https://www.courthousenews.com/wp-content/uploads/2020/06/CalifJudicialCouncil-CovidGuide.pdf> [as of Jul. 30, 2020], archived at <https://perma.cc/Z3JW-U64L>.

9

On June 11, 2020, Judge Brazile issued General Order 2020-GEN-018-00.[9] Judge Brazile ordered that effective June 22, 2020, the superior court would expand its operations beyond time-sensitive and essentials functions. With respect to juvenile dependency courts, Judge Brazile ordered: "**Juvenile Dependency** courtrooms will resume full operations. The Court will prioritize adjudications and dispositions involving children who are detained and continue to conduct remote appearances via Webex." (*Id.* at pp. 3–4.)

On July 10, 2020, Judge Brazile issued General Order 2020-GEN-019-00,[10] which, among other things, extended certain time periods under the Welfare and Institutions Code. Judge Brazile did not, however, adopt Judge Greenberg's prioritization schedule or otherwise authorize the continuance of section 364 matters beyond 60 days.

---

[9]     General Order 2020-GEN-018-00 <http://www.lacourt.org/newsmedia/uploads/14202061213184920 NRGeneralOrderOutliningPhasedReopeningwithGeneralOrder.p df> [as of Jul. 30, 2020], archived at <https://perma.cc/J2TY-7KXD>.

[10]     General Order 2020-GEN-019-00 <http://www.lacourt.org/newsmedia/uploads/14202071016373320 NRGODELAYINGJURYTRIALSUNTILAUGUST.pdf> [as of Jul. 30, 2020], archived at <https://perma.cc/CUD7-UB39>.

# III. DISCUSSION

## A. *Statutory Provisions*

Section 364 governs review hearings for dependent children who have not been removed from their parents, or who, as here, have been removed but placed back in the custody of a parent. (*In re Gabriel L.* (2009) 172 Cal.App.4th 644, 650; accord, *In re N.O.* (2019) 31 Cal.App.5th 899, 922.) Section 364, subdivision (a) provides that when a child is not removed from the physical custody of his or her parent, a hearing "shall be continued to a specific future date not to exceed six months after the date of the original dispositional hearing . . . ." Subdivision (d) states: "If the court retains jurisdiction it shall continue the matter to a specified date, not more than six months from the time of the hearing." Further, "[a]fter hearing any evidence presented by the social worker, the parent, the guardian, or the child, the court shall determine whether continued supervision is necessary." (§ 364, subd. (c).) The initial hearing date, May 14, 2020, was scheduled in compliance with section 364.

Section 352 governs continuances in juvenile dependency matters. In part, subdivision (a) of section 352 states: "(1) Upon request of counsel for the parent, guardian, minor, or petitioner, the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that a continuance shall not be granted that is contrary to *the interest of the minor*. In considering *the minor's interests*, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a

11

minor of prolonged temporary placements.  [¶]  (2) Continuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance." (Italics added; accord, Cal. Rules of Court, rule 5.550(a)(1).)

B.    *Standard of Review*

Because the propriety of the juvenile court's order continuing the May 14, 2020, hearing to January 28, 2021, turns on our interpretation and application of statutes and the rules and orders issued in response to the pandemic, we exercise independent review.  (*In re William M.W.* (2019) 43 Cal.App.5th 573, 583 [court rules]; *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81 [statutes and court rules].)

C.    *Prioritization Schedule Does Not Properly Allow a Continuance*

The juvenile court continued the section 364 status hearing for 220 days, citing "directives from Governor Newsom, health officials and *court leadership*."  (Italics added.)  As we discussed above, Emergency rule 6, which was enacted pursuant to Governor Newsom's executive order, only allows a continuance of 60 days.  Thus, at most, Commissioner Castro could continue the section 364 hearing from May 14, 2020, to July 13, 2020. Further, although the Chief Justice's statewide order of March 23, 2020, authorized superior courts to adopt proposed rules or rule amendments intended to address the impact of the COVID-19 pandemic, none of Judge Brazile's orders allowed the

12

juvenile court's continuance in this matter.  Thus, and as the respondent court concedes, the only authority for the continuance in this matter was Judge Greenberg's memoranda, which prioritized juvenile court hearings based on the type of statutory hearing to be held.

According to respondent, a court is authorized to prioritize juvenile court hearings based on its inherent authority to ""'insure the orderly administration of justice.'""  We see at least two problems with this argument.  First, local courts cannot issue rules that are inconsistent with statutory time limits. (*Ghaffarpour v. Superior Court* (2012) 202 Cal.App.4th 1463, 1469–1471 [a local rule cannot override state law setting the date on which the time period for filing a peremptory challenge to a judge commences]; *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 653–655 [Court of Appeal invalidated local rule that established an expedited procedure for summary judgment that shortened the statutorily prescribed minimum notice period]; *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152, 1160 ["trial judges have no authority to issue courtroom local rules which conflict with any statute"].)  Judge Greenberg's memoranda require a continuance beyond not only section 364's six-month deadline but also beyond the additional 60-day continuance Emergency rule 6 permits.  They are thus contrary to state law.

Second, although the Chief Justice has authorized superior courts to adopt immediately local rules to address the impact of the COVID-19 pandemic, "[a] court adopting any such rule change must provide a copy to Judicial Council staff and post notice of the change prominently on the court's website."  Our record indicates that Judge Greenberg's memoranda were neither

13

provided to the Judicial Council staff nor posted on the superior court's website.

We agree with the general proposition that health quarantines to prevent the spread of infectious disease constitute good cause for a continuance. (*Stanley v. Superior Court, supra*, 50 Cal.App.5th at p. 170 [the COVID-19 pandemic constituted good cause to continue a defendant's criminal trial by 90 days, in light of "the grave risks to court personnel, jurors, attorneys, and [the] defendant himself that would be created by proceeding in accordance with the normal timeline, any other conclusion would have been unreasonable in the extreme"]; *People v. Tucker* (2011) 196 Cal.App.4th 1313, 1317–1318 [upholding one-week delay in commencing trial when the defendant was in custody at a correctional facility that was under quarantine because a prisoner had contracted the H1N1 flu virus]; *In re Application of Venable* (1927) 86 Cal.App. 585, 587–588 [concluding that "the prevalence of [an epidemic of infantine paralysis] . . . constitute[d] good cause for continuing the [criminal] trial" by eight days when no juries were called during that period due to the epidemic].) Although the juvenile court stated that "good cause" supported the continuance from May 14, 2020, to January 28, 2021, there is no indication the court relied on section 352 in continuing the hearing. Section 352 permits the granting of a continuance "upon a showing of good cause" provided, however, "that a continuance shall not be granted that is contrary to the interest of the minor." The court's order does not reflect, and the respondent court does not argue, that the court here granted the continuance based upon its consideration of the children's interests. Rather, and as the respondent court concedes, the court continued the hearing in accordance with

14

Judge Greenberg's prioritization schedule, which precludes an individual bench officer from advancing a hearing in a manner contrary to the schedule without approval from a supervising judge.

As we note above, Judge Brazile did not adopt Judge Greenberg's prioritization schedule when issuing various orders even though the Chief Justice authorized him to adopt rules or rule amendments to address the impact of the COVID-19 pandemic to take effect immediately. We do not express an opinion on whether Judge Brazile, in his capacity as presiding judge, may personally issue an order that prioritizes dependency hearings in light of then prevailing public health conditions in Los Angeles County, the feasibility and efficiency of remote hearings, and an assessment of available judicial resources to assist the juvenile courts in completing the required hearings.

## IV. DISPOSITION

Let a peremptory writ of mandate issue vacating the juvenile court's April 29, 2020, order continuing the section 364 review hearing pursuant to Judge Greenberg's memoranda. Absent a new and different order continuing the hearing on a proper legal basis, the juvenile court is directed to hold the hearing within 15 days of remittitur issuance.

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

16